524 S.W.2d 550 (1975)
In the Matter of B. D. A.
No. 8572.
Court of Civil Appeals of Texas, Amarillo.
June 16, 1975.
*551 Garry O. Smith, Lubbock, for appellant.
Harold Phelan, County Atty., Levelland, for appellee.
ROBINSON, Justice.
The trial court found that appellant, a fourteen year old boy, had engaged in delinquent conduct by theft of an automobile and committed him to the Texas Youth Council. Appellant contends that his mother's testimony that he told her that he had taken the car was improperly admitted.
By his brief appellant contends that the admission by him was made after his apprehension and while he was being detained. Appellee did not file a brief. We are authorized to accept the statement in appellant's brief that appellant was in custody at the time the admission was made as correct, since it was not challenged by the opposing party. Rule 419, Texas Rules of Civil Procedure. However, we have examined the record from the trial court including the statement of facts. We find that it does not show that the appellant was in custody at the time the statement was made.
The statement of facts shows, and appellant's brief states, that appellant's counsel objected to the testimony in question on the ground of hearsay. The trial court admitted the testimony over that objection. On appeal appellant contends that the statement was made while he was in custody, did not meet the standards of art. 38.22, Vernon's Ann.Tex.Code Crim.Proc.Ann. (1965), and, thus, was inadmissible under the holding *552 of Easley v. State, 493 S.W.2d 199 (Tex. Cr.App.1973).
In order to complain about the admissibility of a confession, there must be an objection in the trial court, and the objection must call the attention of the trial court to the particular complaint raised on appeal. Ex Parte Bagley (Tex.Cr.App.1974) 509 S.W.2d 332. The objection that testimony is hearsay does not suggest the objection that it does not comply with the requirements of art. 38.22. On the trial of the case before us, the appellant did not make the objection being urged on appeal. We, therefore, overrule appellant's points of error.
The judgment of the trial court is affirmed.