535 S.W.2d 213 (1976)
In the Matter of E. F., Appellant.
No. 1070.
Court of Civil Appeals of Texas, Corpus Christi.
March 25, 1976.
*214 Marion Williams, Jr., Newton, Handly & Williams, Beeville, for appellant.
William R. Pemberton, County Atty., Beeville, for appellee.

OPINION
YOUNG, Justice.
This is an appeal from an order committing the appellant, a sixteen year old boy, to the custody of the Texas Youth Council. Appellant appeals only from the commitment order and not from the associated order adjudicating him a child who has engaged in delinquent conduct.
In two points of error, the appellant complains: (1) that there is no evidence to indicate that the child is in need of rehabilitation or that the protection of the child or the public requires disposition; (2) that a preponderance of the evidence at the adjudication hearing indicates that the child did not engage in delinquent conduct.
The trial court held separate, successive adjudication and disposition hearings as required by Tex.Family Code Ann. §§ 54.03 and 54.04 (1975). After each hearing, the trial court entered an order stating the results. The adjudication order was based on the petition alleging burglary of a store. The disposition order found, among other things, that the child is in need of rehabilitation.
About appellant's no evidence point, we apply the usual rule that requires us to look only to the evidence favorable to the court's holding in determining this legal sufficiency point. Humphreys v. Humphreys, 364 S.W.2d 177, 178 (Tex.Sup.1963); Hall v. Villarreal Development Corporation, 517 S.W.2d 326, 329 (Tex.Civ.App.Corpus Christi 1974, writ dism'd). See also In Matter of Hartsfield, 531 S.W.2d 149, 152 (Tex. Civ.App.Tyler 1975, no writ).
In that regard, a deputy sheriff, a city policeman, and a probation officer all testified that the appellant's reputation for being a peaceable and law-abiding citizen was bad. In the record is a document called a "Pre-Dispositional Report" executed by two probation officers. The trial court was entitled to consider this report under § 54.04(b) of the Family Code. That report reflects that the appellant's school attendance was irregular and that his grades were poor to failing; that he had no *215 hobbies nor school club activities. Further, the report shows the appellant's lack of remorse and his indifference toward his commission of the crime of burglary. We hold that the aforegoing is some evidence of the appellant's need for rehabilitation.
Appellant contends further, under his first point, that disposition of him to the Texas Youth Council was an abuse of discretion by the trial court. In that respect, trial courts in juvenile proceedings are granted broad powers and discretion in determining suitable disposition of children who have been adjudicated to have engaged in delinquent conduct. In Matter of P A O, 530 S.W.2d 902, 903 (Tex.Civ.App.Houston [1st Dist.] 1975, no writ); Dudley v. State, 219 S.W.2d 574, 575 (Tex.Civ.App. Amarillo 1949, writ ref'd).
In the case at bar, the trial court heard legally sufficient evidence to support its finding of the appellant's need of rehabilitation in a hearing separate, distinct and subsequent to the adjudication hearing, as provided by § 54.04(a) and (c) of the Family Code. At the conclusion of the adjudication hearing, the trial court had found that the appellant had engaged in delinquent conduct that was a violation of a penal law (burglary) of this state punishable by imprisonment or by confinement in jail under § 51.03 of the Family Code. That finding under § 54.04(d)(2) of the Family Code, and the subsequent finding of the need for rehabilitation provided the trial court with the discretion necessary to commit the appellant to the Texas Youth Council. For all of those reasons, we hold that the trial court did not abuse its discretion by committing the appellant to the Texas Youth Council. Appellant's first point is overruled.
In his second point, the appellant asserts that a preponderance of the competent evidence indicates that he did not engage in delinquent conduct. As we have mentioned, the appellant has appealed from the commitment order arising from the disposition hearing and not from the order arising from the adjudication hearing finding him to have engaged in delinquent conduct.
Appellant's complaints in his second point arise from alleged errors committed in the adjudication hearing. We cannot review alleged errors in the adjudication hearing on an appeal only from an order arising from the disposition hearing. In Matter of R. A. B., 525 S.W.2d 892, 894 (Tex.Civ.App.Corpus Christi 1975, no writ). See § 56.01(c)(2) and (3) of the Texas Family Code. Appellant's second point is overruled.
The judgment of the trial court is affirmed.