**In the Matter of A. B. R.**

**No. 1591.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1980.

Rehearing Denied April 3, 1980.

---

J. L. Covington, Brownsville, for appellant.

Thomas Sullivan, Selden N. Snedeker, Brownsville, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from an order committing the appellant, a minor child, to the Texas Youth Council as a result of a document filed by the State entitled "Motion to Advance Conveyance." The appellant was previously adjudicated a juvenile delinquent and committed to the Youth Council. But the order of commitment was stayed for a period of probation in which the child was subject to conditions set out by the court. The appellant allegedly violated the conditions of the probation. Thereafter, the motion to advance conveyance was filed. After a hearing on the motion, the juvenile court ordered the commitment. We affirm.

A review of the pertinent facts of this case follows. Appellant was adjudicated a juvenile delinquent on October 19, 1978. At a separate disposition hearing on the same day, the juvenile court ordered the appellant committed to the Texas Youth Council. In that same order, however, the commitment was stayed and the appellant was

placed on probation until January 5, 1979. One of the conditions of the probation was that he must not violate any laws of the State or ordinances of the municipality.

On January 5, 1979, the judge received a favorable progress report on the child. The progress report reflected that the child was fully complying with the terms of his probation. In light of this favorable report, the State filed a motion for continuance. The motion for continuance was granted, and a hearing was set for June 28, 1979.

On June 7, 1979, the appellant was arrested and charged with committing an assault on a peace officer, operating a motorcycle without a valid operator's license, failing to stop after a police officer demanded that he do so, and operating a motorcycle on the wrong side of the road. In violating these laws and ordinances, the child also violated the terms of the probation.

The State filed its motion to advance conveyance on June 19, 1979. On June 22, 1979, a hearing on the motion was held. On June 25, 1979, the trial judge signed for entry the judgment of commitment and also signed an order of commitment placing him in the custody of the Texas Youth Council.

The procedure used by Cameron County for committing juveniles to the Youth Council sometimes varies with that set out by the Family Code. Tex.Fam.Code § 54.04 (1975). The juvenile courts and other authorities in Cameron County instituted this procedure to stay orders of commitment in order to give juveniles a second chance before being transferred to the Youth Council. By setting up a probation-like period while the stay is in effect, the court can supervise the activities of the child. If the child complies with the terms of the probation, the cause can then be dismissed.

In his first four points of error, appellant asserts that errors were committed in both the adjudication and disposition hearings. In the adjudication hearing the trial judge allegedly failed to explain to the child and his parents the allegations made against the child and the nature and possible consequences of the proceedings in violation of § 54.03 of the Family Code. At the disposition hearing, the trial judge allegedly failed to specifically state reasons for the disposition in the order and failed to inform the child of his right to appeal under § 54.05 of the Family Code.

The adjudication and disposition hearings were conducted on October 19, 1978. No direct appeal of those hearings was ever filed. In this appeal, appellant is attempting to challenge the judgments of those hearings even though the date for filing a direct appeal has long since passed. In effect, the appellant is here attempting to collaterally attack the judgment resulting from those hearings.

This Court has repeatedly made it clear that such collateral attacks will not be permitted. This Court has refused to review an alleged error in the adjudication hearing because the appeal before the court involved only the hearing upon the State's motion to modify disposition. *In re R. A. B.*, 525 S.W.2d 892 (Tex.Civ.App.—Corpus Christi 1975, no writ). This Court has also refused to review alleged errors in an adjudication hearing when the appeal before the Court involved only errors in the disposition hearing. *In re E. F.*, 535 S.W.2d 213, 215 (Tex.Civ.App.—Corpus Christi 1976, no writ). See also *In re D. E. P.*, 512 S.W.2d 789, 791 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ).

In spite of the necessity of strict compliance with the procedural safeguards of the Family Code, we will not permit collateral attacks on judgments of the trial courts based on adjudication and disposition hearings. It is true that a collateral attack may be allowed in cases of fundamental error, but we find no evidence of the presence of fundamental error on the face of the record, nor do we find that the appellant was injured or prejudiced by the judgment of the court. See *Rabb v. State*, 572 S.W.2d 718 (Tex.Cr.App.1978); *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr.App.1978). Appellant's points of error 1 through 4 are overruled.

**618**

Appellant's final points of error challenge the procedural mechanism used to commit the child to the Youth Council and also the evidence which supports that commitment. As noted earlier, the juvenile courts in Cameron County occasionally use a different procedure for the commitment of a child which gives the child a second chance. Essentially, the child is placed on probation while a stay of the order of commitment is in effect.

■ This procedure is in harmony with the holding of this Court which gives the juvenile courts broad discretion in juvenile cases: " . . . trial courts in juvenile proceedings are granted broad powers and discretion in determining suitable disposition of children who have been adjudicated to have engaged in delinquent conduct." *Matter of E. F.,* supra at 215. Juvenile courts are vested with this broad discretion since they are in a position to evaluate the best interests of the child.

■ In the case before us there was no deprivation of due process since the child had previously been adjudicated a juvenile and was committed to the Youth Council at the disposition hearing. At that hearing, the child was represented by counsel, had full opportunity to cross-examine and present witnesses, and was fully aware of the nature of the proceedings. At any time after the disposition hearing, the stay could have been advanced and the child could have transferred to the custody of the Youth Council upon a motion by the State and a hearing before the judge. We find no violation of due process.

■ Appellant also contends that the evidence presented at the hearing to advance the stay of commitment was legally insufficient. Upon review, we must look only to evidence favorable to the court's holding. *Matter of E. F.,* supra at 214. We find the evidence adequate to support the ruling of the court. All points of error have been carefully considered by us and are overruled.

The judgment of the trial court is affirmed.