**In the Matter of J.D.**

No. 9696.

Court of Appeals of Texas, Texarkana.

May 23, 1989.

605

William J. Ruhe, Jr., Shafer, Ramsey & Ruhe, P.A., Dallas, and Kirk Johnson, Texarkana, Ark., for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

CORNELIUS, Chief Justice.

J.D., a sixteen-year-old male, was adjudged delinquent and committed to the Texas Youth Commission for an indefinite time. The proceedings resulted from an incident where J.D. killed his natural father by shooting him with a shotgun. The State alleged a violation of Tex. Penal Code Ann. § 19.04 (Vernon 1989) (voluntary manslaughter).

J.D. was represented by legal counsel and was accompanied by his mother during the adjudication and disposition hearings. He signed written statements admitting the offense, waiving a jury trial, and stipulating to all of the evidence.

Eight points of error are raised on appeal. The first contends that the trial court erred in failing to conduct a hearing on J.D.'s mental fitness to proceed with the trial.

Tex.Fam.Code Ann. § 55.04(a), (b), (c) (Vernon 1986) provides that if it appears on the court's own notice or by suggestion of any party that the juvenile, as a result of mental disease or defect, lacks the capacity to understand the proceedings or to assist in his own defense and is thereby unfit to proceed, the court shall order appropriate medical inquiry and conduct a separate hearing to determine if he is fit to proceed.

When there is no suggestion, contention, or evidence that the juvenile is unfit to proceed because of a mental disease or defect, the court does not err in failing to hold a separate hearing to conduct such an inquiry. *In re Q.D.*, 600 S.W.2d 392 (Tex.Civ.App.—Fort Worth 1980, no writ); *H.L.H. v. State*, 560 S.W.2d 536 (Tex.Civ.App.—Austin 1978, no writ); *R.K.A. v. State*, 553 S.W.2d 781 (Tex.Civ.App.—Fort Worth 1977, no writ). That was the situation here. There was no evidence of any mental defect on J.D.'s part and there was no request for such an inquiry. The court was furnished two psychological reports. Both of them indicated that J.D. suffered from depression and experienced behavioral problems and learning difficulties, but they contained no indication that he suffered from any mental defect which affected his capacity to understand the proceedings or which possibly rendered him unfit to assist in his defense. Indeed, they show that he is of average or above average intelligence, and one states that he is "aware of what is socially expect-

ed and in contact with reality. There are no suggestions of psychotic thinking, although there does appear to be difficulties concerning his self-identity." As there was no evidence or suggestion of mental incompetence, there was no error in proceeding without further inquiry.

In his second point, J.D. contends that his waivers of rights were improperly received by the court because they were not joined in by his counsel. We disagree. J.D. signed a written waiver of jury trial and a written stipulation of the evidence. These stipulations also waived all rights of confrontation and cross-examination of witnesses, state and federal rights against self-incrimination, right to trial, stipulated to the truth of the evidence in J.D.'s written statement, and consented to proof by affidavits, written statements of witnesses, and other documentary evidence. Both these instruments were signed by J.D. and his counsel of record.

■ In his third and fifth points of error, J.D. contends that his written statement admitting the offense should not have been received into evidence because it was taken in violation of due process. We overrule this contention. The statement was taken pursuant to all the requirements of Tex. Fam.Code Ann. § 51.09(b) (Vernon 1986). It was preceded by the required statutory warnings and was signed by J.D. in the presence of the magistrate who gave the warning at a time when no law enforcement officer or prosecuting attorney was present. Furthermore, J.D. again confirmed the truth of his written statement by his stipulation of evidence signed and approved by him and his attorney in open court. And, the statement was admitted in evidence without objection. *See In re B.D.A.*, 524 S.W.2d 550 (Tex.Civ.App.—Amarillo 1975, no writ). Contrary to J.D.'s assertion in his brief, there was no suggestion or evidence that the written statement was the result of any plea bargain, and the truthfulness of the statement has been admitted.

J.D. also contends that the trial court did not properly admonish him concerning his rights and the nature and consequences of the proceedings, as required by Tex.Fam. Code Ann. § 54.03(b) (Vernon Supp.1989). We disagree. The record reflects that the trial court scrupulously and fully admonished J.D. on the required elements.

■ J.D. next contends that the trial court failed to adequately state in its order the reasons for its disposition, as required by Tex.Fam.Code Ann. § 54.04(f) (Vernon 1986). We disagree. Unlike some cases where the court's order merely states the offense and contains a conclusion that the safety of the public requires the detention of the juvenile, the order here identifies the offense, finds that the child is in need of rehabilitation, that the public's protection requires a disposition, and also sets out other specific reasons showing the rationale of the trial court in ordering the commitment to the TYC. For example, the court refers in its order to the violent nature of the offense, the use of a deadly weapon, the instability of the child and the child's home, and the threat of future family violence by the juvenile, all of which the court found made it impossible for the child to be returned to his home or placed on probation. We find that there was a sufficient compliance with Section 54.04(f). *See In re A.N.M.*, 542 S.W.2d 916 (Tex.Civ.App. —Dallas 1976, no writ); *In re T.R.W.*, 533 S.W.2d 139 (Tex.Civ.App.—Dallas 1976, no writ).

■ Lastly, J.D. argues that the trial court abused its discretion in committing him to the TYC because the evidence is insufficient to support an indefinite commitment. We overrule this contention. Evidence of the nature of the crime, the juvenile's background, his behavior problems, the lack of appropriate alternatives for rehabilitation, and threats of future violence, all of which is in the record, is sufficient to support the trial court's order of indefinite commitment.

As we find no error in the proceeding below, the judgment is in all things affirmed.