**In the Matter of R.E.D., a Juvenile.**

No. 01–89–00057–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 1989.

E. Kent Ellis, Houston, for appellant relator.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Michelle Hedges, Asst. Dist. Attys., Harris County, for appellee respondent.

Before WARREN, DUGGAN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

After a bench trial, the court found that appellant, a 15–year–old juvenile, engaged in delinquent conduct in that he committed the offense of aggravated assault. At the disposition hearing, the court found appellant to be in need of rehabilitation and committed him to the Texas Youth Commission.

In the early morning hours of October 6, 1988, two police officers noticed a gray Lincoln Town Car speeding down the street. They began to follow it, and the car continued at the same high rate of speed. The Lincoln's driver, later discovered to be appellant, ignored the emergency lights and siren of the police cars, and ran several stop signs in his attempt to flee the officers. Eventually, appellant was cornered in a parking lot. He then drove the Lincoln into the police car driven by Officer Francois, in an apparent attempt to get through the blockade. Francois' car was pushed 10 to 15 feet. The impact caused the officer's head to strike and break the driver's side window. Francois suffered a concussion, and lacerations to his right knee and left leg. Appellant continued to try to get his car past the patrol cars when another officer finally succeeded in stopping him at gunpoint. The Lincoln was determined to be stolen.

Appellant's sole point of error on appeal asserts that the evidence was insufficient "to sustain the court's findings that the child is in need of rehabilitation and that the protection of the public and the child requires that disposition."

The basis of appellant's argument is that the court did not have any evidence from which to conclude that appellant needed to be committed to the detention center. He argues that there was no social history report or social service file available to the court at the disposition hearing. According to appellant, there were no written reports from probation officers or other professionals. He further argues that the evidence from the adjudication hearing could not be

used at the disposition hearing because it was not formally offered into evidence.

At the conclusion of the adjudication hearing, the trial court started to set a date for the disposition hearing. Appellant stated that he wanted to go forward immediately. The court explained that he was entitled to 10 days notice, which he waived. At that point, the State suggested that the court look at the juvenile probation department report. Appellant did not object, but stated only that there was no recommendation from the probation department because appellant had not yet been tested.

The trial court again offered to reset the disposition hearing, in order for appellant to be tested. Appellant refused. The court then stated:

> One alternative available to me today is the Texas Youth Commission. If everyone wants to have this child tested then I will go through the process of having other alternatives—
>
> The least restrictive [sic] now available to the Court, given the record and history and background of the child and the placement, is Texas Youth Commission. However, I'm offering an opportunity to recess the matter for disposition for a period of time to allow some testing and alternative placement to be developed, not by the State and Probation Department, but yourself. If you think you have alternatives to present to the Court, that's fine, but I'm going to need testing for that to be accomplished.

Appellant's counsel stated that appellant wanted to go forward. The court then specifically addressed appellant and told him that he could take a recess to develop alternative suggestions for disposition, or go to the detention center. Appellant conferred with his counsel, who then stated that appellant wanted to accept the immediate disposition.

Appellant was aware, before the final disposition, of the court's intention to commit him to the Texas Youth Commission. The court gave him ample opportunity to reset the hearing to develop alternative suggestions for disposition. He refused and stated that he wanted to accept the immediate disposition, knowing it was commitment in the detention center. Appellant never objected to the court's decision to proceed to render judgment; indeed, he invited it.

In any case, the trial judge stated that he based his decision on the record, history, and background of appellant. His disposition order states that his reason for the disposition is that appellant "needs a highly structured environment with constant supervision and control." The court had sufficient evidence to support this disposition. The trial court's record included stipulations, signed by appellant, that he had twice before been placed on probation, and that he violated the terms of both his probations. The court was also entitled to consider the evidence from the adjudication hearing, regardless of the fact that it was not formally introduced during the disposition phase. *See In re A.N.M.*, 542 S.W.2d 916, 921 (Tex.Civ.App.—Dallas 1976, no writ) (evidence from the adjudication hearing may be considered at the disposition hearing; no express requirement that the evidence be formally re-offered); *see also Tamminen v. State*, 653 S.W.2d 799, 802–03 (Tex.Crim.App.1983) (in adult prosecution, there is no requirement that the evidence from the guilt/innocence stage would have to be reoffered at the punishment phase before it can be considered). And, according to the statement of facts, the court had a probation report before it, although it is not in our record. We must presume that the report also supports the court's judgment. *See* Tex.R.App.P. 50(d).

Appellant's point of error is overruled, and the judgment is affirmed.