TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00495-CV







In the Matter of A. E. P.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,641, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellant A.E.P., a juvenile, appeals from a trial court order to modify appellant's
probation and commit him to the Texas Youth Commission for violating terms of his probation. A.E.P.
advances four points of error. He asserts that the trial court erred by denying his motions for a neurological
or psychiatric examination and by committing him to the state's custody when there was insufficient
evidence. A.E.P. also claims that the trial court failed to comply with the statutory requirements that the
court must state specifically its reasons for modifying appellant's probation. We will affirm the trial court's
judgment.


BACKGROUND


 In May 1996, A.E.P. was on probation in the custody of Meridell Achievement Center,
a residential treatment center, on an earlier adjudication that he had engaged in delinquent conduct. The
State filed a motion to modify the disposition of A.E.P. because he violated his probation by failing to obey
the staff and rules at Meridell. (1) Specifically, the State alleged that A.E.P. had violated the terms of his
probation by physically assaulting residents, verbally abusing staff and residents, failing to comply with staff
directives, and possessing a razor and cigarettes.

 At a hearing, the trial court found A.E.P. had violated the terms and conditions of his
probation. A.E.P. admitted he failed to obey the staff and rules at the Meridell Achievement Center by (1)
verbally abusing staff and failing to follow staff directives, (2) pinching a peer's nipple and failing to comply
with a staff directive that he stop, and (3) possessing a razor and cigarettes contrary to the center's rules. 
A.E.P. also admitted he failed to comply with the staff request that he terminate a telephone conversation,
failed to follow staff redirectives, cursed at staff, and walked off the Meridell unit.

 On March 21, the trial court signed two orders. In the first order, the trial court found
A.E.P. violated the terms of his probation by engaging in delinquent conduct within the meaning of section
51.03 of the Texas Family Code. In the second order, the trial court modified this disposition by
committing A.E.P. to the care, custody, and control of the Texas Youth Commission for an indeterminate
period of time or until his twenty-first birthday. A.E.P. appeals from the trial court's orders.


DISCUSSION

 In his first point of error, A.E.P. argues that the trial court violated section 55.05(b) of the
Family Code by denying his motions to be examined by a pediatric neurologist or by a pediatric psychiatrist
or psychologist. Tex. Fam. Code. Ann. § 55.05(b) (West 1996). Both motions state that "information
has come to the attention" of A.E.P.'s attorney that raises the question whether A.E.P.'s neurological or
psychological condition has prevented him from conforming his conduct to the conditions of his probation. (2) 
The trial court denied both motions after arguments. A.E.P. argues that, at the hearing on the motion to
modify his disposition, the medical and clinical director of Meridell informed the court that A.E.P. had been
given medication for Tourette's Syndrome. The record shows that the trial court asked the director what
other types of drugs might be used in treating A.E.P. The director answered that A.E.P. had been given
Clonidine for Tourette's in a brief clinical trial and that he had discussed using a low dosage of Haldon. 
There is no testimony attributing A.E.P.'s conduct to Tourette's or any medication taken by A.E.P. Also,
there is no reference to Tourette's or medication in A.E.P's motion to be examined by a pediatric
psychiatrist or psychologist or in his motion requesting an examination by a pediatric neurologist. A.E.P.
contends that the trial court erred by failing to order a psychiatric or psychological examination. He cites
In re A_ N_ M_, 542 S.W.2d 916 (Tex. Civ. App.--Dallas 1976, no writ), as support for his claim. We
do not find that the trial court erred in denying A.E.P.'s motions requesting examinations.

 Section 55.05(b) of the Family Code states, in part:


If on a motion of a party or the court it is alleged that the child may not be responsible as
a result of mental illness or mental retardation for the child's conduct, the court shall order
appropriate examinations as provided by Section 55.01 of this chapter.



See Tex. Fam. Code Ann. § 55.05(b) (West 1996). Under section 55.05(b), an examination to determine
if a child is responsible for his conduct is not automatic. The trial court has discretion in determining
whether there is sufficient evidence to show a reasonable possibility exists that a child's conduct is the result
of a mental illness. (3) A trial court abuses its discretion only when it acts in an unreasonable and arbitrary
manner, or when it acts without any reference to any guiding principles. In re S.L.L., 906 S.W.2d 190,
192 (Tex. App.--Austin 1995, no writ) (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991)). Although the Code uses the words "shall order," this section has been interpreted as
mandating the court to order appropriate examinations only if the information before the court sufficiently
shows a reasonable possibility that the child is mentally ill. See T.P.S. v. State, 590 S.W.2d 946, 952
(Tex. Civ. App.--Dallas 1979, writ ref'd n.r.e.) (comparing the standard for a juvenile court's duty to
initiate proceedings under section 55.02 of the Family Code to the standard requiring an inquiry into the
child's responsibility under section 55.05(b)). The word "may" in section 55.05(b) has been construed to
indicate reasonable possibility, not reasonable probability. In re A_N_M_, 542 S.W.2d at 918 (citing
Europak, Inc. v. County of Hunt, 507 S.W.2d 884, 886 (Tex. Civ. App.--Dallas 1974, no writ)).

 In A_N_M_, the appellate court reversed the trial court's decision not to order a medical
and psychiatric inquiry. It held that a psychological evaluation considered by the trial court on the motion
suggesting mental illness raised a reasonable possibility that the minor was not mentally responsible for his
conduct. In re A_N_M_, 542 S.W.2d at 918. The record here does not indicate that the trial court was
given sufficient evidence to show that A.E.P. should not be held responsible for his conduct. At the hearing
on the State's motion to modify disposition, the trial court heard testimony indicating that A.E.P had
potential to successfully complete the program at Meridell and resolve his behavioral difficulties. The
director of the center, also a psychiatrist, testified that medication is only one small aspect of the treatment
that A.E.P. requires to be successful. Under examination by the court, the director stated that the biggest
dilemma in rehabilitating A.E.P. had been his parents acting as a buffer between him and people trying to
help him. In addition, the trial court heard A.E.P.'s probation officer and various Meridell staff members
testify on behalf of the State about A.E.P's behavioral problems and disregard for the Meridell program
and authority. In the instant case, we do not believe the trial court abused its discretion. Accordingly, 
A.E.P.'s first point of error is overruled.

 In his second and fourth points of error, A.E.P. complains that the trial court erred by not
stating specifically in its disposition orders the reasons for its disposition as required by sections 54.04(f)
and 54.05(i) of the Family Code. A.E.P. argues that the orders should have specified which rules of
Meridell he violated.

 The Family Code requires the court to give specific reasons for the disposition of a juvenile. 
Tex. Fam. Code Ann. §§ 54.04(f), 54.05(i) (West 1996); In re A.G.G, 860 S.W.2d 160, 162 (Tex.
App.--Dallas 1993, no writ). This requirement assures that the child will be advised of the reasons for the
disposition and will be in a position to challenge those reasons on appeal. In re J.R., 907 S.W.2d 107,
110 (Tex. App.--Austin 1995, no writ). Such specificity also allows an appellate court to review the
reasons for the disposition and determine whether they are (1) supported by the evidence and (2) sufficient
to justify the disposition ordered. In re J.R., 907 S.W.2d at 110 (citing In re L.G., 728 S.W.2d 939, 944-45 (Tex. App.--Austin 1987, writ ref'd n.r.e)). We may reverse for an abuse of discretion if the record
does not support the findings. See In re L.G., 728 S.W.2d at 946.

 In the instant matter, the trial court did provide specific reasons in its order committing
A.E.P. to the Texas Youth Commission. In the order, the trial court stated that A.E.P. violated a lawful
court order, specifically rule two of his probation--that A.E.P. obey staff and rules at Meridell. The court
noted in the order that A.E.P. is in need of rehabilitation, will not accept parental supervision, and has
demonstrated a disregard for all authority. The record also includes the State's motion to modify
disposition that alleges the specific Meridell rules that A.E.P. violated along with corresponding dates of
the violations. Therefore, it was not necessary to list in the court's order of disposition the individual
Meridell rules that A.E.P had violated. We conclude that the reasons recited in the court's order provide
the necessary statutory specificity. A.E.P.'s second and fourth points of error are overruled.

 A.E.P.'s third point of error challenges the sufficiency of the evidence to support the trial
court's disposition order committing him to the Texas Youth Commission. Based on the grant of authority
in section 54.05(f) of the Family Code, a trial court may commit a child to the Texas Youth Commission
following a hearing in which the child has been adjudicated delinquent. Tex. Fam. Code Ann. § 54.05(f)
(West 1996). In challenging a court's order of disposition on appeal, the child must show that the trial
court abused its discretion in making the disposition it did. In re E.F., 535 S.W.2d 213, 215 (Tex. Civ.
App.--Corpus Christi 1976, no writ). The juvenile court possesses broad discretion to determine a
suitable disposition of a child adjudicated delinquent. In re J.R., 907 S.W.2d at 110 (citing In re R.W.,
694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ)). If some evidence exists to support
the trial court's decision, there is no abuse of discretion. K.L.M. v. State, 881 S.W.2d 80, 84 (Tex.
App.--Dallas 1994, no writ).

 A review of the record indicates that some evidence supports the trial court's order of
indefinite commitment to the Texas Youth Commission. The evidence includes the nature of the offense,
A.E.P's background, his behavior problems, and the lack of appropriate alternatives for rehabilitation. See
In re R.E.D., 788 S.W.2d 380, 381 (Tex. App.--Houston 1989, no writ); In re J.D., 773 S.W.2d 604,
606 (Tex. App.--Texarkana 1989, writ dism'd w.o.j.). The record shows A.E.P. has a lengthy history
of offenses and treatments since at least February 1995. On numerous occasions, he has been detained
and has appeared before the juvenile court. Several times, the trial court released A.E.P. to his parents
under certain conditions with which he failed to comply. After further detentions and two separate hearings,
the trial court at each hearing was determined to commit A.E.P. to the Texas Youth Commission, but
relented after A.E.P.'s parents convinced the court to place him in treatment centers. At the most recent
hearing to modify disposition, the court heard testimony from workers at Meridell that A.E.P. had not
shown any progress in dealing with his behavioral problems. The director of Meridell and the director of
nurses at Meridell did provide favorable testimony on behalf of A.E.P., stating he had potential to complete
the treatment center's program successfully. However, these witnesses testified that it would take time for
this process to occur and that A.E.P.'s parents would have to change the way that they interacted with him. 
In addition, A.E.P.'s probation officer recommended that he be committed to the Texas Youth
Commission. It is clear that the trial court has tried various other placement options without success.

 A.E.P. contends that the trial court's true reason for committing him to the Texas Youth
Commission is the expense to the county of keeping him at Meridell. The trial court did orally express a
concern at the money and effort expended on A.E.P., but only because of his failure to cooperate with
treatment or show any improvement. The trial court did not list financial concerns as a reason for its
disposition order, and we cannot assume that was a basis for the court's ruling. Indeed, the record
confirms that money is not the reason for the court's commitment order. The trial court has demonstrated
its willingness to spend money on A.E.P. and provide opportunities for treatment by sending him to Meridell
and other facilities. We cannot say that the court abused its discretion by committing A.E.P. to the Texas
Youth Commission. We overrule point of error three.

 

CONCLUSION

 Finding no abuse of discretion and having overruled A.E.P.'s four points of error, we affirm
the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 17, 1997

Do Not Publish
1. This is the third time the State has filed a motion to modify A.E.P.'s disposition. 
2. There is no explanation of this "information" in the motions.
3. In oral argument, the attorney for A.E.P. conceded the trial court has discretion to order an
examination.



aring in which the child has been adjudicated delinquent. Tex. Fam. Code Ann. § 54.05(f)
(West 1996). In challenging a court's order of disposition on appeal, the child must show that the trial
court abused its discretion in making the disposition it did. In re E.F., 535 S.W.2d 213, 215 (Tex. Civ.
App.--Corpus Christi 1976, no writ). The juvenile court possesses broad discretion to determine a
suitable disposition of a child adjudicated delinquent. In re J.R., 907 S.W.2d at 110 (citing In re R.W.,
694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ)). If some evidence exists to support
the trial court's decision, there is no abuse of discretion. K.L.M. v. State, 881 S.W.2d 80, 84 (Tex.
App.--Dallas 1994, no writ).

 A review of the record indicates that some evidence supports the trial court's order of
indefinite commitment to the Texas Youth Commission. The evidence includes the nature of the offense,
A.E.P's background, his behavior problems, and the lack of appropriate alternatives for rehabilitation. See
In re R.E.D., 788 S.W.2d 380, 381 (Tex. App.--Houston 1989, no writ); In re J.D., 773 S.W.2d 604,
606 (Tex. App.--Texarkana 1989, writ dism'd w.o.j.). The record shows A.E.P. has a lengthy history
of offenses and treatments since at least February 1995. On numerous occasions, he has been detained
and has appeared before the juvenile court. Several times, the trial court released A.E.P. to his parents
under certain conditions with which he failed to comply. After further detentions and two separate hearings,
the trial court at each hearing was determined to commit A.E.P. to the Texas Youth Commission, but
relented after A.E.P.'s parents convinced the court to place him in treatment centers. At the most recent
hearing to modify dis