**In the Matter of N.M.K., a juvenile.**

**No. 11–03–00288–CV.**

Court of Appeals of Texas, Eastland.

April 22, 2004.

---

Roy Carper, Law Office of Roy Carper, Midland, for appellant.

Al Schorre, District Attorney, Cassandra Moholt Cheek, Assistant Dist. Attorney's Office, Midland, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

PER CURIAM.

This is an appeal from a judgment adjudicating a juvenile of delinquent conduct. The trial court found that N.M.K. engaged in the unauthorized use of his mother's vehicle and placed him on community supervision for one year. We reverse and render.

In his sole point of error, N.M.K. argues that the evidence is legally insufficient to support the trial court's finding that he engaged in the offense of unauthorized use of a motor vehicle. We agree.

The adjudication of a juvenile as a delinquent is based on the criminal standard of proof: "beyond a reasonable doubt." TEX. FAM. CODE ANN. § 54.03(f) (Vernon Supp.2004). The appellate court, therefore, applies the same standards applicable to challenges to the sufficiency of the evidence in criminal cases. *In the Matter of Z.L.B.*, 115 S.W.3d 188 (Tex. App.-Dallas 2003, no pet'n); *In the Matter of E.R.L.*, 109 S.W.3d 123 (Tex.App.-El Paso 2003, no pet'n); *In the Matter of J.D.P.*, 85 S.W.3d 420 (Tex.App.-Fort Worth 2002, no pet'n). In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex.Cr. App.2000).

Tammy Cooper testified that she was N.M.K.'s mother. Cooper stated that, on May 5, 2003, her older son J.K. awoke her at 2:00 a.m. "yelling that he had wrecked [her] car." J.K. told her that he and N.M.K. had gone to Kent Kwik to get some water and that they were on their way back when a horse ran out in front of them. J.K. also told his mother that they had hit the horse and had damaged her car. Cooper stated that neither boy had permission to use her car and that neither boy had a driver's license. At the time of the adjudication hearing, J.K. was 15 years old, and N.M.K. was 14 years old.

Cooper testified that, when J.K. told her about the accident, N.M.K. never said a word. She stated that, from what J.K. told her, there was no indication that N.M.K. was driving her car and that she had assumed that N.M.K. was with his

brother because N.M.K. had "blood all over him."

TEX. PENAL CODE ANN. § 31.07 (Vernon 2003) provides that a person commits an offense if he "intentionally or knowingly *operates* another's ... motor-propelled vehicle without the effective consent of the owner." (Emphasis added) While the term "operates" is not defined in the Texas Penal Code, the Court of Criminal Appeals has held that the plain meaning of the word "operate" as used in Section 31.07 means that "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex.Cr.App. 1995).

Reviewing the record in the light most favorable to the verdict, there is no evidence that N.M.K. "took action to affect the functioning" of his mother's car "in a manner that would enable the vehicle's use." The record does indicate that N.M.K. was present when his brother hit the horse with their mother's vehicle. Because there was no evidence that he operated the vehicle, N.M.K. is correct in stating that he could only be found guilty under TEX. PENAL CODE ANN. § 7.02 (Vernon 2003) ("Parties to Offenses"). There is no evidence in the record that N.M.K. knew that J.K. was driving their mother's car without her consent or that N.M.K. acted with intent to solicit, encourage, direct, aid, or attempt to aid J.K. in committing the offense. The evidence is legally insufficient to support the finding that N.M.K. committed the offense of unauthorized use of a motor vehicle. The sole point of error is sustained.

The judgment of the trial court is reversed, and judgment is rendered that N.M.K. did not engage in delinquent conduct.