In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00103-CV
______________________________


 
 
IN THE MATTER OF
K. H., A CHILD
 
 
 


                                              

On Appeal from the County Court at Law #1
Gregg County, Texas
Trial Court No. 4699-J


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          K. H., a twelve-year-old boy, appeals from his adjudication for the offense of
retaliation. A jury found that K. H. engaged in delinquent conduct, and at a later disposition
hearing, the trial court committed K. H. to the Texas Youth Commission. K. H. contends
on appeal the evidence is legally and factually insufficient to prove he committed the
criminal act. 
          Proceedings brought under the Texas Juvenile Justice Code, Title 3 of the Texas
Family Code, are hybrid actions. They are brought as civil proceedings, but are
"quasi-criminal" in nature.


 As noted by the San Antonio court in In re K.T., 107 S.W.3d
65, 67 (Tex. App.—San Antonio 2003, no pet.), the language used to describe the
proceedings are euphemisms to describe juvenile proceedings that are parallel to criminal
proceedings: the adjudication is the trial, while the disposition is equivalent to a sentencing
proceeding. Nonetheless, the result of applying euphemisms, however well-intended, can
be confusing.
          Under the applicable statutes and caselaw, civil and criminal rules apply at different
stages of the same proceeding. Section 51.17 of the Family Code provides that the Texas
Rules of Civil Procedure shall apply, the Texas Code of Criminal Procedure and the
applicable criminal caselaw shall govern the discovery process, and the Texas Rules of
Evidence (as applied to criminal cases) shall be used during the judicial proceeding. Tex.
Fam. Code Ann. § 51.17 (Vernon Supp. 2004–2005). Section 54.03 of the Family Code
provides that the burden of proof in an adjudication hearing is the criminal burden: beyond
a reasonable doubt. Tex. Fam. Code Ann. § 54.03 (Vernon Supp. 2004–2005). If the trier
of fact determines the juvenile engaged in delinquent conduct, a separate disposition
hearing is conducted subsequent to the adjudication hearing. Tex. Fam. Code Ann.
§§ 54.03(h), 54.04 (Vernon Supp. 2004–2005). It is clear that, in reviewing the disposition
portion of the proceeding, we determine whether the trial court abused its discretion in the
disposition of the juvenile. We do not disturb the juvenile court's disposition order in the
absence of an abuse of discretion. In re H.R.C., 153 S.W.3d 266, 269 (Tex.
App.—El Paso 2004, no pet.); In re J.D.P., 85 S.W.3d 420, 426 (Tex. App.—Fort Worth
2002, no pet.); In re J.R., 907 S.W.2d 107, 110 (Tex. App.—Austin 1995, no writ); In re
E.F., 535 S.W.2d 213, 215 (Tex. Civ. App.—Corpus Christi 1976, no writ).
          The result of this patchwork arrangement is, predictably, a certain lack of clarity
among courts reviewing different stages of the process about the standards to be applied. 
It is within this context that we address an appeal brought solely on the adjudication portion
of the process. 
          In reviewing the adjudication itself, and the findings made as a result of the
adjudication, most courts apply a criminal legal/factual sufficiency review. Even though the
appeal of juvenile court orders are generally treated as civil cases, adjudications of
delinquency in juvenile cases are statutorily based on the criminal standard of proof. See
Tex. Fam. Code Ann. § 54.03(f). Thus, an adjudication should be reviewed by applying the
same standards applicable to sufficiency of the evidence challenges in criminal cases. 
In re J.B.M., 157 S.W.3d 823 (Tex. App.—Fort Worth 2005, no pet.); In re N.M.K., 137
S.W.3d 696, 697 (Tex. App.—Eastland 2004, no pet.); In re Z.L.B., 115 S.W.3d 188, 190
(Tex. App.—Dallas 2003, no pet.); In re M.C.L., 110 S.W.3d 591, 594 (Tex. App.—Austin
2003, no pet.).
          When both legal and factual sufficiency are challenged, we first determine whether
the evidence is legally sufficient to support the verdict. Rivera v. State, 59 S.W.3d 268,
273 (Tex. App.—Texarkana 2001, pet. ref'd). It is only if we find the evidence legally
sufficient that we then consider the factual sufficiency challenge. In other words, if we find
the evidence legally insufficient, we need not address the factual sufficiency challenge.


 
 
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          In this case, K. H. was charged with the offense of retaliation pursuant to Section
36.06 of the Penal Code. That statute provides, in relevant part, as follows: 
(a) A person commits an offense if he intentionally or knowingly . . .
threatens to harm another . . . :
 
(1) in retaliation for or on account of the . . . status of another
as a:
 
                                           (A) . . . witness, prospective witness, . . . ; or
 
(B) person . . . who the actor knows intends to report
the occurrence of a crime; or
 
                                (2) to prevent or delay the service of another as a:

                                           . . . .
 
(B) person . . . who the actor knows intends to report
the occurrence of a crime.

Tex. Pen. Code Ann. § 36.06 (Vernon Supp. 2004–2005).

          The State's evidence showed that K. H. possessed a gun on school premises and
displayed that gun to C. J., and told C. J. he would use the gun if C. J. told anyone about
it. The evidence further showed that, while the gun had the appearance of a firearm, it
was, in fact, an inoperable pellet gun.
          The State's petition accused K. H. of threatening to harm C. J. "in retaliation for or
on account of the status of [C. J.] as a person who was a witness to a crime, the same
being a Third Degree felony if committed as an adult." Alternatively, the State accused
K. H. of threatening to harm C. J. "to prevent and delay the service of [C. J.] as a person
who [K. H.] knew intended to report the occurrence of a crime, the same being a Third
Degree felony if committed as an adult." The jury charge explicitly sets out both options
and then goes on to authorize the jury to find K. H. guilty beyond a reasonable doubt, "as
alleged in the Petition." 
          As we will discuss later, the first accusation is not actionable under the retaliation
statute. The statute does not contemplate that the offense occurs if an actor threatens a
person because such person is a witness to a crime, but instead because the person is a
witness at trial. However, we first address the contention common to both accusations. 
          In his argument under both accusations, K. H. contends that, because each of the
underlying accusations alleged he had committed a crime, "the same being a Third Degree
felony if committed as an adult," and because there was no evidence he had committed
such a crime, the State failed to meet its burden of proof and the evidence cannot support
the finding in the adjudication that he was guilty. We agree. 
          The question raised under both the first and second accusations is whether the
statute requires the state to show that the actor actually committed a crime, or if it was
sufficient that the person thought the act reported was a crime. Neither party has directed
us to any cases directly on point, and we have found none.


 
          The plain language of the statute applies solely to the occurrence of "a crime." It
does not implicate an act that a person might reasonably believe to be a crime. The
evidence is undisputed that K. H. took an inoperable pellet gun to school. K. H. was not
charged with a crime in connection with this act, and there was no suggestion or any proof
that the act was, in fact, a crime. The State's petition did not identify "the crime" other than
"the same being a Third Degree felony if committed as an adult." 
          The crime suggested by the State in its closing argument to the jury is possessing
a weapon on the premises of a school, a violation of Tex. Pen. Code Ann. § 46.03 (Vernon
Supp. 2004–2005). While that offense is one punishable as a third degree felony, as
alleged in the State's petition, it expressly describes a firearm as the kind of gun prohibited
on school premises. A firearm is "any device designed, made, or adapted to expel a
projectile through a barrel by using the energy generated by an explosion or burning
substance or any device readily convertible to that use." Tex. Pen. Code Ann. § 46.01(3)
(Vernon 2003). James Mathis, the police officer who seized the pellet gun from K. H.'s
backpack, agreed in his testimony that the pellet is propelled from this gun by compressed
air. K. H. clearly did not violate this statute. 
          "The crime" also could not have been unlawfully carrying a handgun, in violation of
Tex. Pen. Code Ann. § 46.02 (Vernon 2003), as a handgun is defined as "any firearm that
is designed, made, or adapted to be fired with one hand." Tex. Pen. Code Ann. § 46.01(5)
(Vernon 2003). Further, except for circumstances not applicable here, that offense is
punishable as a Class A misdemeanor, not as a third degree felony as alleged in the
State's petition.
          The State suggests in its brief K. H. could have been charged with the offense of
disorderly conduct and correctly writes, "It is disorderly conduct, and a crime, to display a
firearm or other deadly weapon in a public place in a manner calculated to alarm." See
Tex. Pen. Code Ann. § 42.01(a)(8) (Vernon Supp. 2004–2005). "Deadly weapon" is
defined as:
(A) a firearm or anything manifestly designed, made, or adapted for
the purpose of inflicting death or serious bodily injury; or 
 
(B) anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury.

Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon Supp. 2004–2005).

          As stated above, the gun in this case clearly was not a firearm. And, while the State
may have been able to prove K. H.'s gun was "capable of causing . . . serious bodily
injury,"


 the record in this case is devoid of any such evidence. The State cites Corte v.
State, 630 S.W.2d 690, 691–92 (Tex. App.—Houston [1st Dist.] 1981, pet. ref'd), for the
proposition that even an unloaded pellet gun can be a deadly weapon. In that case,
however, the First court pointed out that an investigator testified the gun used "was capable
of inflicting serious bodily injury." We have no such evidence in the instant case. Finally,
even if K. H. could have been charged with disorderly conduct, in violation of Section
42.01(a)(8) of the Penal Code, such offense is punishable as a Class B misdemeanor, not
as a third degree felony as alleged in the State's petition. 
          We are constrained by the language of the Penal Code, and we cannot stretch its
language to make "reasonably believed to be a crime" equivalent to "a crime." We find the
evidence legally insufficient to prove that an underlying crime existed. 
          There is a separate problem with the first allegation in the petition, also requiring
reversal on that accusation. Even if we assumed the existence of an underlying crime, the
State was required to prove C. J. was a "witness or prospective witness" as contemplated
by the statute. See Tex. Pen. Code Ann. § 36.06(a)(1)(A). The State's petition alleged the
offense was committed due to C. J.'s status as "a witness to a crime." The statute
criminalizes retaliation against a person who is a witness in court. The two terms are not
interchangeable. 
          In this context, the Texas Court of Criminal Appeals defines the term "witness" as
"one who has testified in an official proceeding." Jones v. State, 628 S.W.2d 51, 55 (Tex.
Crim. App. [Panel Op.] 1980); accord Morrow v. State, 862 S.W.2d 612, 614 (Tex. Crim.
App. 1993); see In re B.P.H., 83 S.W.3d 400, 407–08 (Tex. App.—Fort Worth 2002, no
pet.).
          A "prospective witness" is one who may testify in an official proceeding. Ortiz v.
State, 93 S.W.3d 79, 86 (Tex. Crim. App. 2002); see Morrow v. State, 862 S.W.2d 612,
614 (Tex. Crim. App. 1993). A person who witnesses an offense, but who has not yet
testified in a trial involving that offense, is also a prospective witness. Morrow, 862 S.W.2d
at 614; see also Ortiz, 93 S.W.3d at 86 ("Any person who is involved in an offense with a
defendant, who sees the defendant committing an offense, or who hears the defendant
discuss committing an offense is a 'prospective witness' in the prosecution of that
defendant because he 'may' testify."); Stewart v. State, 137 S.W.3d 184, 187 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref'd). The State's petition in this case, however, did
not allege C. J. was a "prospective witness."
          The State has directed us to our opinion in Solomon v. State, 830 S.W.2d 636 (Tex.
App.—Texarkana 1992, pet. ref'd), to support its position that the crime of retaliation was
committed because C. J. could have been a witness in a number of different ways. Our
opinion does so hold, but in connection with the separate portion of Section 36.06(a)(1)(A),
which describes a "prospective witness," not a witness, and the charging instrument in
Solomon also correctly alleged a threat against a person who was a prospective witness
in court, not a witness to an act. 
          K. H. contends there is no evidence to support the jury's finding that he threatened
C. J. in retaliation for the status of C. J. as a witness. He is correct; there is no evidence
to support that finding. The contention is sustained. 
          The State also argues in the alternative that, if we conclude the evidence is
insufficient, then a second charge of terroristic threat made against K. H., which was not
reached by the jury, should be treated as a lesser included offense, and we should reform
the judgment to find K. H. guilty of the lesser offense. Terroristic threat is committed when:
(a) A person . . . threatens to commit any offense involving violence
to any person or property with intent to:

                                . . . .
 
(2) place any person in fear of imminent serious bodily injury.

Tex. Pen. Code Ann. § 22.07 (Vernon Supp. 2004–2005).
          We first address the question posed in the second ground for review stated above.
A defendant is entitled to a lesser included offense instruction in the jury charge if (1) the
requested charge is a lesser included offense of the offense charged, and (2) there is
some evidence that, if the defendant is guilty, he or she is guilty only of the lesser offense.
To determine if an offense is a lesser included offense, we look to Article 37.09 of the
Code of Criminal Procedure, which states in relevant part: "An offense is a lesser included
offense if: (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 1981); see Irving v. State, No. PD-91-04, 2005 Tex. Crim. App. LEXIS 654 (Tex.
Crim. App. Apr. 27, 2005).
          Several courts have held that terroristic threat is not a lesser included offense of
retaliation because retaliation does not require that the actor threaten with the intent to
place a person in fear of imminent serious bodily injury. See Coward v. State, 931 S.W.2d
386, 389 (Tex. App.—Houston [14th Dist.] 1996, no pet.); Davis v. State, 890 S.W.2d 489,
492 (Tex. App.—Eastland 1994, no pet.); see also Helleson v. State, 5 S.W.3d 393, 396
(Tex. App.—Fort Worth 1999, pet. ref'd).


 Retaliation requires nothing other than a threat
to harm. Terroristic threat requires much more, a threat intended to place a person in fear
of "imminent bodily injury." This is the reverse of a lesser included offense situation, for
terroristic threat requires proof of a higher level of threat than does retaliation. Thus, we
do not believe that this greater level of threat could be subsumed within the lesser amount
required by retaliation. Even if the evidence could have supported such a result, the jury
did not pass on the greater level, and in the absence of uncontroverted, unchallenged
evidence, we could not put ourselves in the place of the fact-finder and so find for the first
time at this level of review. 
          When we find legally insufficient evidence to support a judgment, we typically
reverse and render. In this case, however, at the time of the adjudication and disposition
sending K. H. to the Texas Youth Commission, he was already on probation for a prior act,
and further action by the trial court will be required to effectuate our judgment. 
          For the reasons set forth above, we reverse the judgment and remand the case for
further proceedings in accordance with this opinion.


                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      March 25, 2005
Date Decided:         June 6, 2005