11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Matter of F.V.B., a juvenile

No. 11-03-00371-CV -- Appeal from Midland County

 

This is an appeal from a judgment adjudicating a
juvenile of delinquent conduct.  The jury
found that F.V.B. engaged in delinquent conduct by evading arrest or detention
on July 19, 2003, and on August 5, 2003, and by resisting arrest, search, or
transportation on July 19, 2003.  The
trial court committed appellant to the care, custody, and control of the Texas
Youth Commission for an indeterminate term not to exceed past his 21st
birthday.  We affirm.

                                                                 Issues
on Appeal

Appellant has briefed four points of error.  In his first three points, appellant
challenges the legal sufficiency to support the jury=s
findings that he engaged in the delinquent conduct.  In his fourth point, appellant contends that
TEX. FAM. CODE ANN. '
54.04(a) (Vernon Supp. 2004-2005) is unconstitutional.

                                                   Legal
Sufficiency of the Evidence

The adjudication of a juvenile as a delinquent is
based on the criminal standard of proof: beyond a reasonable doubt.  TEX. FAM. CODE ANN. '
54.03(f) (Vernon Supp. 2004 - 2005). 
Therefore, the appellate court applies the same standards applicable to
challenges to the legal sufficiency of the evidence in criminal cases.  In the Matter of N.M.K., 137 S.W.3d
696 (Tex.App. - Eastland 2004, no pet=n);
In the Matter of Z.L.B., 115 S.W.3d 188 (Tex.App. - Dallas 2003, no pet=n); In the Matter of E.R.L., 109
S.W.3d 123 (Tex.App. - El Paso 2003, no pet=n);
In the Matter of J.D.P., 85 S.W.3d 420 (Tex.App. - Fort Worth 2002, no
pet=n). 
In order to determine if the evidence is legally sufficient, we must
review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).








Corporal Bobby Neal and Officer John Michael
Hufford were the only witnesses at the adjudication hearing.  Corporal Neal testified that he was a
corporal with the Jail Division of the Midland County Sheriff=s Office.  Corporal Neal further testified that he was a
certified peace officer.  Corporal Neal
stated that, while he was off duty, he often worked security at the Midland
Park Mall.  On July 19, 2003, Corporal
Neal and two other mall security guards went to investigate a complaint
concerning three Hispanic males inhaling paint in the men=s restroom near the food court area of
the mall.

Corporal Neal saw three Hispanic males leaving the
men=s restroom.  Appellant was one of the three males.  One of the males handed appellant a plastic
grocery bag.  Corporal Neal saw a silver
Coors Light beer can Acoming
out of the top of that plastic bag.@  One of the other security guards recognized
the odor of toluene, an inhalant.

When one of the security guards spoke to the three
to make them stop, all three males turned around and looked at the guards.  As the three walked away, Corporal Neal Alatched onto@
appellant to detain him.  Appellant=s friends left, and the other guards
pursued them.

Over his radio, Corporal Neal could hear the other
officers talking with the dispatch operator as the officers pursued appellant=s friends.  Appellant pulled away from Corporal Neal and
ran through the food court.  Corporal
Neal ran after him, telling him to stop. 
As appellant was attempting to leave the mall, a mall patron grabbed
appellant=s arm and
held him until Corporal Neal arrived.

Corporal Neal testified that appellant continued
pulling away and tried to escape again. Corporal Neal decided to secure
appellant by placing him on the ground. 
Appellant was face down on the ground when he rolled over and Athrew a punch@
at Corporal Neal.  Corporal Neal
testified that appellant hit either his bullet proof vest or his gun belt and
that, while he did not feel the blow, he saw it.

During this time, Corporal Neal repeatedly told
appellant to stop resisting or he would use pepper spray.  After appellant threw the punch, Corporal
Neal used the pepper spray.  Appellant
then complied by rolling onto his stomach.








Midland Police Officer John Michael Hufford
testified that on August 5, 2003, around 7:55 p.m. he answered a Afight in progress@ call. 
When he arrived at the scene, Officer Hufford saw a Alarge group of subjects in the alley,
all black and Hispanic males@
ages 15 to 18 years old.  Officer Hufford
estimated that there were 15 to 20 males. 
The whole group looked at Officer Hufford when he arrived in his patrol
car.  Appellant looked directly at
Officer Hufford, turned, and ran.  No one
else ran.

Officer Hufford drove after appellant.  The windows of his patrol car were down, and
Officer Hufford was yelling at appellant to stop.  A short chase ensued.  Appellant ran as fast as he could down the
alley, across an open field, down a street, through a yard, across another
street, and into a parking lot. 
Appellant stopped in the parking lot, and Officer Hufford got out of his
patrol car and handcuffed appellant. 
Officer Hufford estimated that the chase took about 30 seconds and
covered approximately 100 yards.

Appellant relies on the case of Illinois v.
Wardlow, 528 U.S. 119 (2000), to support his contention that neither
Corporal Neal nor Officer Hufford had reasonable suspicion to detain him based
on his flight from their presence. 
Therefore, appellant argues that the evidence is legally insufficient to
support the jury=s
findings that he evaded detention on either July 19 or August 5.[1]  In challenging the jury=s finding that he resisted arrest by
Corporal Neal on July 19, appellant contends that the evidence is legally
insufficient that he used force against the officer.[2]  We disagree.

In Wardlow, the Supreme Court held that
flight upon noticing the police was a pertinent factor in determining reasonable
suspicion for a Terry[3]
stop.  Texas courts have followed the
holding in Wardlow and found that nervous, evasive behavior such as
flight may provide reasonable suspicion for an investigative detention.  Balentine v. State, 71 S.W.3d 763
(Tex.Cr.App.2002); Vanderhorst v. State, 52 S.W.3d 237 (Tex.App. -
Eastland 2001, no pet=n).








In the present case, the record reflects that both
Corporal Neal and Officer Hufford had sufficient articulable facts to
constitute reasonable suspicion to detain appellant. Each officer was
responding to a dispatch call to investigate possible criminal activity in the
exact location where appellant was observed. 
Corporal Neal further observed appellant, a minor, in possession of a
beer can and in the presence of inhalant fumes. 


Corporal Neal testified that, as he struggled to
place handcuffs on appellant, appellant Athrew
a punch.@  Corporal Neal saw appellant=s blow land on his body.  Because he was wearing a protective vest and
a gun belt, Corporal Neal stated that he did not feel the blow.

As the trier of fact, the jury could have
reasonably concluded that appellant engaged in delinquent conduct.  The evidence is legally sufficient. The first
three points are overruled.

                     Constitutional
Challenge to Section 54.04(a) of the Texas Family Code

TEX. FAM. CODE ANN. '
54.04 (Vernon Supp. 2004 - 2005) provides in part:

(a)  The
disposition hearing shall be separate, distinct, and subsequent to the
adjudication hearing.  There is no right
to a jury at the disposition hearing unless the child is in jeopardy of a
determinate sentence under Subsection (d)(3) or (m), in which case, the child
is entitled to a jury of 12 persons to determine the sentence.  

 

Neither subsection (d)(3) nor (m) apply to appellant=s case.

 Appellant
contends in his fourth point that Section 54.04(a) violates both the Sixth and
the Fourteenth Amendments by denying him a right to a jury trial at the
disposition hearing.  Appellant  relies on Apprendi v. New Jersey, 530
U.S. 466 (2000), to support his argument. 

In Apprendi, the Supreme Court considered
the constitutionality of a New Jersey hate crime statute.  The jury convicted Apprendi of the second
degree felony offense of possession of a firearm for unlawful purposes.  New Jersey law provided that the term of
imprisonment could be extended beyond the time allotted for a second degree
felony if the trial judge found by a preponderance of the evidence that
Apprendi acted with the purpose to intimidate an individual or group of
individuals because of race, color, gender, handicap, religion, sexual
orientation, or ethnicity.[4]  The trial court found that the crime was
motivated by racial bias and assessed punishment at 12 years.  In holding that the New Jersey hate crime
statute was unconstitutional, the Supreme Court stated:

Other
than the fact of a prior conviction, any fact that increases the penalty for a
crime beyond the prescribed statutory maximum must be submitted to a jury, and
proved beyond a reasonable doubt.








Apprendi v. New Jersey, supra at 489.

Appellant asks this court to extend the holding in
Apprendi to find that the Texas Family Code=s
system of providing a right to trial by jury at the adjudication hearing[5]
and providing that the trial court shall determine the disposition of the case
is unconstitutional.  We decline to do
so.  Both the United States Supreme Court
and the Texas Court of Criminal Appeals have recognized that the Apprendi
Court addressed only whether the  trial
court or a jury should determine facts that increased the penalty beyond the
statutory maximum for the crime.  Ring
v. Arizona, 536 U.S. 584, 585-86 (2002); Allen v. State, 108 S.W.3d
281, 285 (Tex.Cr.App.2003).  Appellant=s fourth point is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

June 16, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]TEX. PEN. CODE ANN. ' 38.04
(Vernon 2003) provides that a person Acommits
an offense if he intentionally flees from a person he knows is a peace officer
attempting lawfully to arrest or detain him.@





[2]TEX. PEN. CODE ANN. ' 38.03
(Vernon 2003) provides that a person:

 

[C]ommits an
offense if he intentionally prevents or obstructs a person he knows is a peace
officer or a person acting in a peace officer=s
presence and at his direction from effecting an arrest, search, or
transportation of the actor or another by using force against the peace officer
or another.





[3]Terry v. Ohio, 392 U.S. 1 (1968).





[4]The term of confinement for a second degree felony
offense was between 5 and 10 years; the hate crime statute extended the
punishment range to between 10 and 20 years. 
Apprendi v. New Jeresy, supra at 468.





[5]TEX. FAM. CODE ANN. ' 54.03
(Vernon Supp. 2004 - 2005).