577 S.W.2d 532 (1979)
F. L. J., Appellant,
v.
STATE of Texas, Appellee.
No. 6005.
Court of Civil Appeals of Texas, Waco.
January 25, 1979.
James A. Amis, Jr., Bryan, for appellant.
Sarah Ryan, Child Services and Juvenile Court Atty., Bryan, for appellee.

*533 OPINION
McDONALD, Chief Justice.
This is an appeal by F. L. J., a child, from an order committing him to the Texas Youth Council.
The Juvenile Court Attorney for Brazos County filed petition in the trial court (sitting as Juvenile Court) alleging that F. L. J. had engaged in delinquent conduct and had on May 11, 1978 entered a house without consent of the owner with intent to commit theft.
All procedural requirements were complied with, and after hearing the trial court found the allegations in the petition to be true and adjudged F. L. J. to have engaged in delinquent conduct, to come under the jurisdiction of the court and subject to further orders of the court, and set a disposition hearing for June 26, 1978.
The disposition hearing was held on June 26, 1978, at the conclusion of which the court ordered F. L. J. committed to the Texas Youth Council. Such order states:
"The court, after hearing the evidence and argument of counsel, finds that the child is in need of rehabilitation and that the protection of the public requires that disposition be made; * * *
"It further appears to the Court that the best interest of the child and the best interest of society will be served by committing him to the care, custody and control of the Texas Youth Council for the following reasons:
"(1) On or about the 11th day of May, 1978 said child violated a penal law of this State, to wit: Article 30.02 of the Penal Code of Texas, in that he did then and there in Brazos County, Texas, enter a habitation, without the effective consent of Maxie Lee Ross, the owner thereof with intent to commit theft, to wit: with intent then and there to appropriate property without the effective consent of Maxie Lee Ross, the owner thereof, and with intent to deprive Maxie Lee Ross of said property.
"(2) Said child has a history of attacking others, both verbally and physically.
"(3) Said child is in need of a strict environment such as that offered by the Texas Youth Council.
"(4) While at the Texas Youth Council said child will receive individual counseling and he will be included in group therapy sessions in which he will be immediately confronted by staff and peers when he exhibits negative behavior."
Appellant appeals on 2 points:
1) The trial court erred in failing to state specifically in its order of commitment the reason the child was committed to the Texas Youth Council rather than to some type of probation.
2) The trial court erred in basing its order of commitment on the testimony and recommendation of the juvenile probation officer because the testimony does not support such order and the recommendation is based upon subjective conclusions of the officer and not upon probative evidence.
Family Code, Article 54.04(f) states "The court shall state specifically in the order its reasons for the disposition * * *"; and In the Matter of T. R. W., (Tex.Civ.App. Dallas) NWH 533 S.W.2d 139 holds that such is mandatory.
The trial court's order of commitment here fully complied with Article 54.04(f) and we hold that the reasons recited in such order, supra, are sufficient.
The record before us discloses that appellant threatened a worker at the detention center with a knife, has a history of attacking others including staff members at the Mary Lee School, and is in desperate need of a strict environment. Moreover, he has no home to go to, and probation of any sort is conclusively negated by the record. The evidence is sufficient to support the court's judgment without the aid of any inadmissible testimony. In the Matter of A. A. A., (Tex.Civ.App.Corpus Christi) 528 S.W.2d 337.
*534 Appellant's points are overruled.
AFFIRMED.