NO. 07-01-0439-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 14, 2003

———————————————

IN THE MATTER OF J.P.R.

———————————————

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-759,444; HON. MARK C. HALL, PRESIDING

———————————————

***Opinion***

———————————————

Before JOHNSON, CJ., QUINN, J., and BOYD, SJ.[1]

Appellant J.P.R. contests a disposition order committing him to the Texas Youth Commission for an indeterminate period of time not to exceed his 21st birthday. He asserts that 1) the trial court erred in failing to present a specific statement of reasons for his commitment as required by statute, and 2) the evidence was factually insufficient to support the disposition ordered. We affirm the order of the trial court.

***Background***

Multiple cases were presented against appellant, a 16 year old, by the South Plains Auto Theft Task Force. At an adjudication hearing on July 9, 2001, appellant entered

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

pleas of true to multiple charges of delinquent conduct. Those charges included the unauthorized use of a motor vehicle, burglary of a motor vehicle, credit card abuse, and possession of an inhalant. Appellant was then adjudicated a delinquent. Thereafter, the trial court held a disposition hearing and remanded him to the care, custody, and control of the Texas Youth Commission.

### Issue One - Failure to Present Statement of Reasons

In his first issue, appellant complains that the trial court failed to present a specific statement of the reasons for his commitment as required by §54.04(f) of the Family Code. We overrule the issue.

Section 54.04(f) requires that the court "shall state specifically in the order its reasons for the disposition. . . ." TEX. FAM. CODE ANN. §54.04(f) (Vernon 2002). In assessing whether this requirement has been satisfied, we may consider the entire order, that is, we may read it as a whole. *See In re J.T.H.*, 779 S.W.2d 954, 959 (Tex. App.–Austin 1989, no writ) (so doing). We need not simply restrict ourselves to perusing the items which the court denominated "reasons." While it may not be enough to simply state that the child is in need of rehabilitation and the community needs protection (to justify commitment to a youth center), *In re N.S.D.*, 555 S.W.2d 807, 809 (Tex. Civ. App.–El Paso 1977, no writ), it has been held that identifying the offense, concluding that public safety warrants detention, stating that rehabilitation is needed, describing the nature of the misconduct involved, and addressing the stability of the child and his home environment does comply with the statute. *In re J.D.*, 773 S.W.2d 604, 606 (Tex. App.–Texarkana 1989, writ dism'd w.o.j.). So too has it been held that the court complied

2

with the statute when it concluded that the crime was sufficiently serious to warrant commitment, mentioned the circumstances surrounding the commission of the crime, concluded that public protection was warranted, and described the crime involved. *In re J.H.T.*, 779 S.W.2d at 959. Similarly, the requirements were deemed satisfied *In re M.H.*, 662 S.W.2d 764 (Tex. App.–Corpus Christi 1983, no writ), when the trial court briefly alluded to the history (if any) of the child's delinquent conduct, the prior use of alternative means of discipline, and the age of the child, *id.* at 767, and in *F.L.J. v. State,* 577 S.W.2d 532 (Tex. Civ. App.–Waco 1979, no writ), when it stated that the child had violated a specific penal law, had a history of attacking others both verbally and physically, needed a strict environment which could be supplied by the Texas Youth Council, and would receive individual counseling and group therapy at the Texas Youth Council. *Id.* at 533.

In looking at the order at bar as a whole, we find more than mere conclusions mentioning the need for rehabilitation and public protection. The trial court stated that 1) the child required structured supervision in a secure setting, 2) the Texas Youth Commission could best provide for the child's educational, emotional, and physical needs and address his antisocial behavior, 3) suitable supervision, care, or protection were not being provided for or accepted by appellant, 4) appellant had been adjudicated for multiple felony grade offenses and may be a danger to himself or others, 5) appellant had three prior referrals by law enforcement agencies to the Juvenile Probation Department, 6) due to his age, the number and nature of the offenses involved, and the need to protect the public, appellant needed to be placed in a secure setting, 7) appellant had been released previously and did not comply with the conditions of the release order, 8) appellant needed

3

structured care and supervision not available in his home, 9) the seriousness and number of the offenses involved made return to his home unadvisable at the time, and 10) the child was in need of programs provided by the Texas Youth Commission which needs could not be met in any other long term or alternative placement. In short, the foregoing allude to the history of the child's conduct, the availability of supervision in his home setting, his compliance with prior orders and restrictions, the seriousness of the offenses, and his own needs and where those needs can best be met. As such, they supply the specificity required by the statute.

### *Issue Two - Factual Sufficiency of the Evidence*

Finally, appellant challenges the factual sufficiency of the evidence to support the findings that 1) it was in his best interest to be placed outside the home and 2) he could not be provided the quality of care and supervision necessary to meet the conditions of probation outside of commitment. We overrule the issue upon reviewing the record.

In determining whether the evidence is sufficient to support the disposition ordered, we apply a civil standard of review. *In re C.J.H.,* 79 S.W.3d 698,703 (Tex. App.–Fort Worth 2002, no pet.); *In re T.K.E.,* 5 S.W.3d 782, 785 (Tex. App.–San Antonio 1999, no pet); *In re A.S.,* 954 S.W.2d 855, 861 (Tex. App.–El Paso 1997, no pet); *but see In re M.S.,* 940 S.W.2d 789, 792 n.2 (Tex. App.–Austin 1997, no writ) (holding that the court would apply the criminal standard of review to a legal sufficiency challenge of a disposition order). Furthermore, the civil standard of review used in assessing issues of factual sufficiency is explained in *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965), and we will therefore not repeat it.

The record contains evidence that 1) appellant cooperated and followed directives when in detention, but after being released and returned to his mother (who at that particular time was living with her parents), he made a terroristic threat, 2) he was removed from school for being verbally abusive to a teacher, 3) he had been counseled before without success, 4) he associated with persons he was prohibited from associating with by his release order, 5) he was involved with a gang, 6) he was found asleep at his father's house with evidence that he and others had been inhaling paint, 7) his maternal grandfather had given him permission to go to his father's house while his father was having problems with the law and possibly drugs, 8) his mother knew he had gone to his father's house, 9) he was involved in multiple crimes, 10) he does better in a structured or supervised environment, 11) he refuses to assume responsibility for his acts, 12) he has been involved with marijuana, 13) he was found in possession of brass knuckles, 14) he has numerous referrals for criminal misconduct, 15) he failed to show remorse for his actions, 16) he would benefit from the socialization in the Texas Youth Commission, 17) he behaved while previously committed, 18) the Commission had drug treatment facilities, and 19) the Commission has programs to meet his educational needs. And, though there was evidence from appellant's relatives that they could provide him with the requisite supervision and care, it does not illustrate that the ultimate decision of the trial court was so against the great weight of the evidence as to be manifestly unjust. So, the determination that commitment would be in his best interests and that the quality of care and supervision needed to meet the requirements of probation were unavailable outside of commitment is not factually insufficient.

Accordingly, the order of the trial court is affirmed.

Brian Quinn
Justice