NO. 07-04-0350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2006

_____

IN THE INTEREST OF M.L.B.

_____

FROM THE COUNTY COURT OF FLOYD COUNTY;

NO. 2004-06; HONORABLE WILLIAM D. HARDIN, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant M.L.B. challenges an order of disposition committing him to the Texas Youth Commission (TYC) for an indeterminate period. By a single issue, he contends the trial court abused its discretion because the evidence was insufficient to establish that his parents could not provide the level of care and support needed to meet the conditions of probation and that reasonable efforts had been made to prevent the need to remove him from the home. We affirm.

M.L.B. engaged in delinquent conduct involving his twelve-year-old niece. After stipulating to the State's evidence, M.L.B. was adjudicated for aggravated sexual assault, a first degree felony, and indecency with a child, a second degree felony. At the disposition hearing, the court heard testimony from Reba Moore, the chief juvenile probation officer. Moore testified to information obtained from a sex offender assessment administered to M.L.B. by Dr. Beth Shapiro, a licensed sex offender therapist. Doctor Shapiro's report was admitted into evidence without objection. Based on the report and the available placement options, Moore recommended that rehabilitation at a TYC facility would be in M.L.B.'s best interest and in the best interest of society. M.L.B.'s mother and uncle testified that he had not been in trouble at school or with the law prior to this incident.

At the conclusion of the evidence, the court issued an order pursuant to section 54.04(d)(2) of the Family Code committing M.L.B. to a TYC facility for an indeterminate period. In addition to the adjudicated offenses, the order listed the following reasons for the TYC placement:

(1) the said Juvenile-Respondent cannot be controlled or disciplined by either parent;

(2) it is in the best interest of the Juvenile-Respondent and for the protection of the community . . . .

Despite these reasons, M.L.B. contends the trial court abused its discretion because there was no evidence to support the findings required by sections 54.04(c) and 54.04(i) of the Family Code. We disagree.

2

Following an adjudication, a juvenile court has broad discretion to determine disposition. In re C.J.H., 79 S.W.3d 698, 702 (Tex.App.–Fort Worth 2002, no pet.). In reviewing a court's decision, we will not reverse a disposition unless the court abused its discretion. *Id.* Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id.*

By his issue, M.L.B. contends the State's evidence is insufficient. However, the substance of his argument is a challenge to the legal sufficiency of the evidence. In determining whether the evidence is sufficient to support the disposition ordered, we apply a civil standard of review. In re J.P.R., 95 S.W.3d 729, 731 (Tex.App.–Amarillo 2003, no pet.). Therefore, when evaluating a "no evidence" legal sufficiency challenge, we review the entire record for any probative evidence which, when viewed in its most favorable light, supports the adverse finding. Lee Lewis Constr., Inc. v. Harrison, 70 S.W. 3d 778, 782 (Tex. 2001); Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 276 (Tex.App.–Amarillo 1988, writ denied). We disregard all evidence and inferences to the contrary. Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002). If there is more than a scintilla of probative evidence to support the finding, we must uphold the judgment. *Id.*

Section 54.04(c) of the Family Code provides that no disposition placing the child outside of the home may be made unless a court finds "that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation."  Tex. Fam. Code Ann. § 54.04(c) (Vernon Supp. 2005).  Similarly, if a court commits the child to TYC, section 54.04(i) requires that it include in its disposition order the following determinations:

> (A) [I]t is in the child's best interests to be placed outside the child's home;
>
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
>
> (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

*Id.*

At the disposition hearing, a court "may consider written reports from probation officers . . . or professional consultants in addition to the testimony of witnesses." *Id.* at (b).  Regarding the disposition in the present case, the court relied on the sex offender assessment summarized in Dr. Shapiro's report and the testimony of probation officer Reba Moore.  Doctor Shapiro indicates in her report that M.L.B. admits committing the offense but shows a lack of empathy for the victim and is developing a "deviant pattern of sexual arousal."  She recommends M.L.B. receive intensive sex offender treatment to deal with his sexual behavioral problems and recommends participation in treatment and support

4

groups. Based on her assessment, Dr. Shapiro concludes there is a risk M.L.B. will reoffend unless he is placed in a secure facility where he can receive sex offender therapy.

In addition to Dr. Shapiro's report, Moore testified that a TYC commitment would be necessary to protect the victim and other children in the family and that TYC was the only secured facility in the court's jurisdiction with a sex offender therapy program. When questioned specifically regarding the quality of care and level of support in the home, Moore stated that, due to the closeness of the family and lack of supervision, the family interactions "might not protect the victim." She also stated her opinion that removal of M.L.B. from the home would be necessary for the healing of the family. Considering the evidence presented at the disposition hearing in a light favorable to the judgment, we conclude there is more than a scintilla of probative evidence to support the findings required by sections 54.04(c) and 54.04(i). M.L.B.'s issue is overruled.

Accordingly, the trial court's order of disposition is affirmed.

Don H. Reavis
Justice