NO. 07-07-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2008
_____

IN THE MATTER OF A.M.O.
_____

FROM THE 289TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2007-JUV-00595; HON. CARMEN KELSEY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

A.M.O., a juvenile, appeals from an order of disposition placing her on probation outside her home in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County. She complains that the trial court abused its discretion in not allowing her to serve her probation in the care of her mother because the evidence was legally insufficient to support the trial court's disposition. We affirm the order.

Appellant, who was fourteen at the time, was charged with delinquent conduct by having both engaged in prostitution and by failing to identify herself on February 15, 2007. She pled guilty to the offenses without a plea bargain. The trial court accepted her pleas of guilt, adjudicated her guilty, and entered an order of disposition in which appellant was placed on probation for eighteen months outside of her home.

If the court places a juvenile on probation outside the home, the court must make a determination that 1) it is in the child's best interests to be placed outside the home, 2) reasonable efforts were made to prevent or eliminate the need for the juvenile's removal from the home and to make it possible for the juvenile to return to the home, and 3) the juvenile cannot be provided the quality of care and level of support and supervision that the juvenile needs to meet the conditions of probation in the home. TEX. FAM. CODE ANN. §54.04(i)(1) (Vernon Supp. 2007). The trial court made those findings in its order. However, appellant alleges the evidence is legally insufficient to support the findings that outside placement is in the best interests of the child and that she cannot get the quality of care and level of support and supervision she needs in the home.

The trial court has broad discretion in determining the disposition of a juvenile after an adjudication of delinquent conduct. *In re M.L.B.,* 184 S.W.3d 784, 785 (Tex. App.– Amarillo 2006, no pet.); *In re C.G.,* 162 S.W.3d 448, 452 (Tex. App.– Dallas 2005, no pet.). The legal sufficiency of the evidence is relevant in determining whether the trial court abused that discretion. *In re C.G.,* 162 S.W.3d at 452. In making a legal sufficiency review, we apply the civil no-evidence standard and consider only the evidence and inferences tending to support the findings and set aside the judgment only if there is no evidence of probative force to support them. *In re M.L.B.,* 184 S.W.3d at 785; *In re H.R.C.,* 153 S.W.3d 266, 269 (Tex. App.–El Paso 2004, no pet.).

The court's disposition order stated the reasons for the child's placement outside the home were her past drug history and behavior which was dangerous to herself. The record contains the following evidence in support of the trial court's findings: 1) appellant

2

has a prior juvenile history dating back three years including a previous failure to identify, evading arrest, failure to attend school, possession of marijuana, tampering with evidence, and violating the terms of her probation (which violations included leaving home without permission), 2) the current offenses occurred while she was still on probation, 3) appellant began using drugs at the age of nine and, at the age of thirteen, she was using heroin daily up until March 2006, 4) appellant suffers from depression, 5) appellant's mother has been addicted to crack cocaine, spent ten years on probation for the offense of delivery of LSD, committed theft on October 18, 2006, and suffers from depression, 6) appellant has previously attempted to solicit sex for money on four or five occasions although she claimed that she would steal the money without performing any sexual acts, 7) appellant offered a "blow job" to an undercover officer for $40 because she wanted money to buy a dress to be in a wedding, 8) her brother's girlfriend who was living in the home with appellant suggested prostitution to her as a way to make money and was with appellant at the time of her arrest, 9) appellant's mother does not believe that her daughter prostituted herself, 10) appellant's father has not been in her life since she was two years old, 11) appellant's brother is currently residing in a TYC facility, 12) appellant has run away from home on two previous occasions, once when she was eleven years old and once when she was thirteen years old at which time she stayed away for seven months, 13) appellant was enrolled in the Day Treatment Program at the time of her arrest in February 2007 and was discharged from the program due to her arrest, 14) the probation department recommended her placement outside of the home due to her previous juvenile history and for her safety, and 15) the KAPS program in which she is enrolled also

3

recommended placement outside the home so she could receive the structure, stability, schooling, and intensive counseling.

Admittedly there was evidence that both appellant and her mother had stopped using drugs and that the brother's girlfriend was no longer living in the home. Yet we view the evidence in the light that supports the trial court's decision and, in so doing, we cannot say that the evidence before the court does not support its decision. The trial court was entitled to consider the probation officer's recommendation, the past history, and the ability of the mother to recognize the child's problems. *See In re C. G.,* 162 S.W.3d at 452. Appellant had originally been placed on probation and allowed to stay in her home, but she continued to commit offenses even while in the care of her mother who, at the time of the hearing, was attempting to stay sober herself while suffering from depression.

Accordingly, we hold that the record contains ample evidence of probative force to support the findings of the trial court. *See In re K.T.,* 107 S.W.3d 65, 75 (Tex. App.–San Antonio 2003, no pet.) (finding the evidence sufficient to support a placement with the Texas Youth Commission when there was a history of adjudicated and unadjudicated referrals dating back two years, while previously on probation the juvenile failed to complete a drug program or enroll in a general equivalency program he had been referred to, family members and friends of the juvenile had been convicted or adjudicated of drug charges, and the juvenile was associated with a gang). So, its order is affirmed.

Per Curiam

4