153 S.W.3d 266 (2004)
In the Matter of H.R.C., a Juvenile.
No. 08-03-00230-CV.
Court of Appeals of Texas, El Paso.
December 23, 2004.
*267 M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.
Jose R. Rodriguez, County Atty., El Paso, for Appellee.
Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
RICHARD BARAJAS, Chief Justice.
This is an appeal from a judgment of commitment committing the juvenile H.R.C. to the Texas Youth Commission (TYC) following adjudication that she had engaged in delinquent conduct. We affirm.

I. SUMMARY OF THE EVIDENCE

On April 7, 2003, H.R.C. was adjudicated of having engaged in delinquent conduct for theft over $50 but less than $500. This was her third adjudication as she had previously been adjudicated for a similar theft and evading arrest. After the second adjudication, the juvenile was placed under house arrest on supervised probation and electronic monitoring. She was required to take all required medication and to attend family counseling. On February 27, 2003, she was referred to the Juvenile Probation Department for theft over $50 but less than $500. The next day she absconded from school and was found at a restricted peer's home. On March 6, 2003, the juvenile again absconded and she did not return home until March 9, 2003. These actions led to her third adjudication which provided the basis for the court's commitment of the juvenile to the TYC. At the disposition hearing, a report from the Juvenile Probation Department was admitted into evidence. This report recommended that H.R.C. required intensive supervised probation, psychiatric treatment, medication, urinalysis testing, and residency at a drug treatment center. This report was revised to indicate that the juvenile required a structured and secure environment such as being placed under the care, custody, and control of the TYC.
A psychiatric evaluation was admitted into evidence at the disposition hearing. Dr. Raul Jimenez assessed the juvenile as *268 having bipolar disorder, disruptive behavior, and mixed substance abuse including marijuana and alcohol. She had poor compliance with medications.
A letter from a psychiatrist, Dr. Katz, was admitted into evidence. This letter stated that the juvenile was under his care and that she suffered from attention deficit disorder, systhymic disorder, and personality disorder. She required medication and therapy.
A psychological evaluation performed by Dr. Basurto was admitted into evidence. He found that the juvenile's overall treatment outlook was poor in that she suffered from early onset depression including two suicide attempts. Dr. Basurto stated that she had difficulty developing coping skills in dealing with frustration and interpersonal conflicts. In difficult situations he predicted that she could become impulsive and act out against herself. He recommended that she be placed in a residential treatment facility  a highly secured environment.
Dora Rodarte, H.R.C.'s juvenile probation officer, testified regarding incidents where the juvenile engaged in rebellious, uncooperative, and risky behavior. She had altercations with her mother, she interacted with prohibited teens, was truant from school, engaged in sexual promiscuity, drinking, drug taking, and at least one suicide attempt. Rodarte testified that the juvenile continually runs away from home and school on a regular basis. She stated that placing H.R.C. with her father posed difficulties in that he was out of town often due to his job, and he could not adequately supervise the juvenile. Rodarte testified that she had explored the possibility of placing H.R.C. at Peak Hospital for in-patient care. She was informed that she did not qualify for their program. The hospital staff recommended some form of long-term residential treatment. Rodarte testified that other available residential treatment facilities were ineffective and there were no other available resources. They did not present viable options for placement. She testified that both the juvenile's parents felt they could not adequately supervise her. She was not aware of any local residential treatment facility that could take the juvenile. H.R.C.'s father testified that, after hearing all the evidence, he thought his daughter needed constant supervision that he was not able to provide and he stated that a commitment to TYC was a proper action. The juvenile's mother agreed with that assessment.
The court found that the juvenile was in need of rehabilitation and that the protection of the public and her own protection required that a disposition be made. The court found that reasonable efforts had been made to prevent or eliminate the need for the juvenile to be removed from her home. The court stated the reasons for her commitment to TYC: (1) that the juvenile needed to be held accountable for her delinquent behavior; (2) that she posed a risk to the safety and protection of the community; (3) that there were no community-based, intermediate sanctions available to adequately address her needs; and (4) her prior record of delinquency indicated that she needed to be confined in a secure facility.

II. DISCUSSION

In two issues, H.R.C. maintains that the evidence was legally and factually insufficient to support her commitment to the Texas Youth Council. The juvenile court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answers to a charge. In *269 the Matter of A.S., 954 S.W.2d 855, 861 (Tex.App.-El Paso 1997, no pet.); In the Matter of J.P.O., 904 S.W.2d 695, 699-700 (Tex.App.-Corpus Christi 1995, writ denied). We do not disturb the juvenile court's disposition order in the absence of an abuse of discretion. A.S., 954 S.W.2d at 861; In the Matter of E.F., 535 S.W.2d 213, 215 (Tex.Civ.App.-Corpus Christi 1976, no writ). The juvenile court's exercise of discretion in making an appropriate disposition is guided by the requirements of Section 54.04 of the Family Code. A.S., 954 S.W.2d at 861. Section 54.04(c) provides that the trial court may not place a juvenile outside of his home unless it finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. Tex. Fam.Code Ann. § 54.04(c) (Vernon Supp.2004-05). Further, in order to commit a child to TYC, the court must additionally find that placement outside of the child's home is in the child's best interest and that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home. Tex. Fam.Code Ann. § 54.04(i).
Regarding the legal sufficiency of the evidence, we have traditionally applied the civil no evidence standard of review to legal sufficiency challenges of juvenile disposition orders. See A.S., 954 S.W.2d at 858. In reviewing the legal sufficiency, we consider only the evidence and inferences tending to support the findings under attack and set aside the judgment only if there is no evidence of probative force to support the findings. A.S., 954 S.W.2d at 858; In the Matter of T.K.E., 5 S.W.3d 782, 785 (Tex.App.-San Antonio 1999, no pet.).
In reviewing this factual sufficiency challenge, we view all of the evidence but do not view it in the light most favorable to the challenged findings. See A.S., 954 S.W.2d at 860; R.X.F. v. State, 921 S.W.2d 888, 900 (Tex.App.-Waco 1996, no writ); see also Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust will we conclude that the evidence is factually insufficient. See A.S., 954 S.W.2d at 860; R.X.F., 921 S.W.2d at 900 (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986) and Clewis, 922 S.W.2d at 129).
Regarding the legal sufficiency of the evidence, we find that the court had sufficient information to commit H.R.C. to TYC. All the evidence indicated that there was no available source to provide the supervision and structure that the juvenile required. All past efforts at rehabilitation had failed and H.R.C. required constant structured supervision. The court did not abuse its discretion.
Regarding the factual sufficiency of the evidence, H.R.C. cites five factors that indicate the evidence is factually insufficient: (1) the juvenile had engaged in a short period of delinquent behavior; (2) that she had mental health needs which had not been addressed; (3) that she should not be placed with her mother because of her proven propensity to run away; (4) that her father was willing to take her into his home; and (5) she had not been placed in available treatment facilities as an alternative to commitment to TYC.
Regarding the first factor, it is clear that the juvenile did engage in repeated delinquent behavior and this serves to support the court's action. The second contention ignores the fact that H.R.C. had undergone extensive mental health treatment and one of her examining psychologists, Dr. Basurto, recommended that the *270 juvenile be placed in a residential treatment facility or other highly structured environment due to her mental condition.
With regard to the third factor, all the evidence before the court indicated that placement in the mother's home was not an option. However, in her fourth assertion, H.R.C. asserts that she could have been placed with her father. While her father did express an initial desire for her to live with him, he ultimately admitted that he could not adequately supervise her and the TYC commitment was in her best interest.
Lastly, the juvenile maintains that she had not been placed in available treatment facilities as an alternative to commitment to TYC and as a condition of probation. The applicable statutes requires only that "reasonable efforts were made to prevent or eliminate the need for the child's removal from the home...." Tex. Fam.Code Ann. § 54.04(i)(1)(B) (Vernon Supp.2004-05). In the present case, the court heard testimony that none of the residential treatment centers which contracted with Juvenile Probation Department were appropriate for H.R.C.'s situation because of her inability to qualify for their programs, their poor performance with past probationers, and the inability to provide for their expenses. Ms. Rodarte testified that she was not aware of any facilities in El Paso County or nearby where the juvenile could be placed. Given the gravity of H.R.C.'s problems and mental difficulties, the court was caused to state, "we just don't have the services anymore that we can rely on to help us with young people that have these kinds of problems." We do not find that the evidence is contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust and we find that the evidence is factually sufficient to support the judgment. Issue Nos. One and Two are overruled in their entirety.
Accordingly, we affirm the judgment of commitment of the trial court.