Opinion issued July 2, 2009










 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00771-CV

____________


IN THE MATTER OF C.J., Appellant






On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 2006-11575






MEMORANDUM OPINION


 Appellant, C.J., appeals from a judgment finding he is a juvenile delinquent
and committing him to the Texas Youth Commission (TYC) for an indeterminate
period, not to exceed the time when appellant becomes 21 years of age, or until
discharged. In his sole issue on appeal, appellant challenges the legal and factual
sufficiency of the evidence to support findings required for commitment to the TYC
at a hearing to modify a disposition. See Tex. Fam. Code Ann. § 54.05(m) (Vernon
2008). We conclude the evidence is legally and factually sufficient to support the
trial court's findings and, therefore, affirm.

Background

 Appellant committed an assault on May 5, 2006, while living at home. Two
months after appellant's disposition hearing for the assault, appellant returned to
court with the charge of unauthorized use of a motor vehicle. The court determined
appellant engaged in delinquent conduct and ordered appellant to be placed on
probation for sixteen months, until November 2007. While on probation, appellant
was placed in the custody of several facilities. Appellant was first placed at the
Burnett-Bayland Reception Center, but soon moved to the Delta Boot Camp. While
on probation, appellant was charged with two assaults, including a third degree felony
assault on a public servant at the boot camp. Having been charged with the two
assaults that occurred while appellant was on probation, appellant was again returned
to court. The court extended appellant's term of probation to August 1, 2010. The
court granted custody back to appellant's mother on January 29, 2008. Less than two
months after the court extended appellant's probation for the two assaults, appellant
was again charged with a crime; this time the crime was possession of marijuana in
a useable quantity of under two ounces. In light of appellant's violation of the rules
of his probation, the State petitioned to modify appellant's disposition.

 At the hearing to modify the disposition, the State introduced reports prepared
by appellant's two probation officers and five mental health professionals. 
Appellant's most recent probation officer indicated that "given [appellant's] new
offense, delinquent behavior, and disregard to his rules of probation, it appear[ed] that
he [was] appropriate for a more structured environment . . . [and] qualified for
commitment to the TYC." Appellant's former probation officer listed appellant's
disciplinary problems while on probation, which included an attack by appellant on
a fellow resident of the Harris County Detention Facility, appellant's refusal to follow
instructions, appellant's instigation of two physical altercations, and appellant's
refusal to attend school on three occasions.

 The psychological screenings indicated a history of negative and violent
behavior. Appellant admitted to beginning drug use in the seventh grade. After two
psychiatric hospitalizations in 2006, appellant failed to take medication or attend
doctor's appointments. Appellant suffered from depression, leading in the past to
contemplated suicide, self-mutilation, and anger-management issues. One psychiatric
report further diagnosed appellant as having chronic risk for self-destructive and
aggressive behavior. In addition to the assault on the boot camp instructor, appellant
made violent threats at a second facility, Sandstone Health Care, and a third facility
released him for not meeting admission criteria. Furthermore, appellant described his
unstable family environment, explaining that he was passed around among his
mother, father, grandmother, and various aunts and uncles because "no one could
handle [him]." Although appellant's parents attempted to live together in the same
residence to support appellant, appellant reported that his father spent much of his
time and energy on his "new family."

 Most of the psychiatric reports, including the most recent, recommended
placement in a structured facility. Of the two reports without this specific
recommendation, one report proposed a residential treatment program with
medication in 2006. The 2007 report proposed individual, group, and family therapy. 

 Appellant introduced testimony of his improved behavior since his probation
violation. Appellant's mother testified that she worked with appellant through
community programs and supervised his attendance at school, commenting that he
had "improved so much." Appellant's advocate noted that appellant was a respectful,
great pupil, who attended all required classes, followed instructions, adhered to home
rules, and completed chores. He conceded his unfamiliarity with appellant's history
of offenses, however, as he only interacted with appellant for 49 days. Following the
evidentiary hearing, the trial court modified appellant's prior disposition for assault,
committing him to the TYC.

Sufficiency of the Evidence

 Appellant contends in his sole issue on appeal that the evidence is both legally
and factually insufficient to support any of the requisite findings under section
54.05(m) and, therefore, the trial court abused its discretion in committing him to
TYC. See Tex. Fam. Code Ann. § 54.05(m). The State responds that there is ample
evidence supporting the trial court's findings.

 A. Required Findings Under Section 54.05

 In order to commit a child to the TYC at a hearing to modify a disposition, the
juvenile court must find and state in its modified disposition order that (1) placement
outside of the child's home is in the child's best interest, (2) reasonable efforts were
made to prevent or eliminate the need for the child's removal from the home, and (3)
the child, in the child's home, cannot be provided the quality of care and level of
support and supervision that the child needs to meet the conditions of probation. 
Tex. Fam. Code Ann. § 54.05(m).

 B. Review of Juvenile Disposition

 Modifying a juvenile probation is a decision within the sound discretion of the
trial court; such a decision can be reversed only on a finding that the trial court
abused that discretion. In re J.P., 136 S.W.3d 629, 632 (Tex. 2004); In re J.R.C., 236
S.W.3d 870, 875 (Tex. App.--Texarkana 2007, no pet.). A trial court abuses its
discretion when it acts arbitrarily or unreasonably or without reference to guiding
rules or principles. In re J.O., 247 S.W.3d 422, 424 (Tex. App.--Dallas 2008, no
pet.); J.R.C., 236 S.W.3d at 875; In re T.E.G., 222 S.W.3d 677, 679 (Tex.
App--Eastland 2007, no pet.). Under an abuse of discretion standard, legal and
factual sufficiency are relevant factors in assessing whether the trial court abused its
discretion. In re C.G., 162 S.W.3d 448, 452 (Tex. App.--Dallas 2005, no pet.).

 In reviewing the legal sufficiency review of a juvenile court disposition, an
appellate court considers only the evidence and inferences tending to support the
court's findings and sets aside the judgment only if there is no evidence of probative
force to support the findings. C.G., 162 S.W.3d at 452; In re H.R.C., 153 S.W.3d
266, 269 (Tex. App.--El Paso 2004, no pet.); In re C.J.H., 79 S.W.3d 698, 702-03
(Tex. App.--Fort Worth 2002, no pet.). We consider the evidence in the light most
favorable to the verdict and indulge every reasonable inference that would support
it. In re A.T.M., 281 S.W.3d 67, 71 (Tex. App.--El Paso 2008, no pet.). Anything
more than a scintilla of evidence is legally sufficient to support the finding. C.J.H.,
79 S.W.3d at 703. In a factual sufficiency review of a juvenile court's disposition,
we consider and weigh all of the evidence in the case, and set aside the judgment only
if the finding is so against the great weight and preponderance of the evidence as to
be clearly unjust. A.T.M., 281 S.W.3d at 71; C.G., 162 S.W.3d at 452; H.R.C., 153
S.W.3d at 269.

 C. Sufficiency of the Evidence Analysis

 Appellant contends the evidence is legally and factually insufficient to support
the trial court's findings. He asserts that the testimony of his improved behavior and
family dynamic show there is no basis upon which to find either that commitment to
the TYC was in his best interest or that the care required for completing probation
was lacking at home. Furthermore, appellant argues that reasonable efforts were not
made to avoid removal from home; he contends that commitment to the TYC
disrupted reasonable efforts that had begun working.

 The record shows appellant committed the most recent violation of probation,
the possession of marijuana, and evidence supports each of the required findings
under section 54.05(m). See Tex. Fam. Code Ann. § 54.05(m). First, the majority
of experts recommended a structured facility for appellant, including his probation
officer during the period immediately prior to the hearing to modify the disposition. 
This evidence supports a finding that a commitment to a structured facility, the TYC,
is in appellant's best interest. Two probation officers and three psychiatric reports
over the preceding two years recommended a structured facility. Only two
psychiatric reports in 2006 and 2007 did not specifically recommend a structured
facility for appellant. Moreover, the testimony of his mother and advocate only
purported to demonstrate improvements in the three months prior to the hearing to
modify the disposition. Although appellant's probation officer agreed that his
behavior and family environment had improved, he concluded that appellant "does
qualify for commitment" to the TYC. Although some evidence suggested appellant's
behavior was recently improving, other evidence in the record showed a history of
violation of criminal laws and an inability to rehabilitate in any of the facilities that
are alternatives to the TYC. The record, therefore, supports the trial court's finding
that commitment to the TYC is in appellant's best interest. 

 Second, the evidence shows numerous reasonable efforts to avoid removing
appellant from his home. Section 54.05 allows a trial court to "decline third and
fourth chances to a juvenile who has abused a second one." J.P., 136 S.W.3d at 633. 
While on probation, appellant committed three offenses, two violations of probation,
and the most recent drug offense. Appellant cites to the most recent psychiatric
evaluation to suggest he should not be sent to the TYC. However, appellant fails to
cite the recommendation in the same report for placement in boot camp due to
appellant's "need [for] more structure and supervision than he is currently receiving." 
Boot camp was already tried and failed as an alternative to an in-home remedy;
appellant was expelled from boot camp for assaulting a public officer. The
overwhelming weight of the evidence supports the finding that reasonable efforts
were made to avoid removing appellant from his home.

 Third, the evidence also supports a lack of the quality of care and level of
supervision in the home necessary to successful completion of probation. Appellant
committed numerous offenses while living at home. Three of appellant's
offenses--his first assault, unauthorized use of motor vehicle, and possession of
marijuana--all occurred while living at home under the supervision of his mother. 
Furthermore, appellant's own statements illustrate the instability of his family life. 
Although appellant's behavior had recently been improving while in the supervision
of his family, the numerous law violations by appellant while in the supervision of
his family support the trial court's determination that appellant cannot receive the
care and supervision needed to successfully complete probation at home.

 In re A.S., upon which appellant heavily relies, is distinguishable from the
present case. 954 S.W.2d 855, 862-863 (Tex. App.--El Paso 1997, no pet.) (holding
evidence legally and factually insufficient to support trial court's findings in juvenile
disposition). The trial court in that case committed the juvenile to the TYC after his
first offense. Id. at 863. The court of appeals held the only evidence to support the
findings were that A.S. committed an offense, broke curfew to commit the offense,
and was previously in a gang. Id. The record in A.S. showed that in-home probation
was recommended, that A.S. had a strong support system within his family, and that
A.S. had committed no prior offenses. Id. at 862-63. In contrast, the instant case
involves a modification of a disposition. Appellant was committed to the TYC after
his probation was previously twice extended and after appellant's fifth offense. 
Additionally, the large majority of reports recommend a structured facility, and the
evidence demonstrates appellant's family has been unable to supervise him. A.S. does
not compel us to find the evidence insufficient. See id.

 Viewing the evidence in a light most favorable to the trial court's findings, we
conclude the evidence is legally sufficient to support the trial court's findings. See
In re J.D.P., 85 S.W.3d 420, 428-29 (Tex. App.--Fort Worth 2002, no pet.) (finding
evidence of probative force existed supporting findings for commitment to TYC,
where appellant had history of non-compliance, alternatives to commitment were
already tried and failed, and multiple experts recommended commitment). 
Considering and weighing all of the evidence in the case, we conclude the trial
court's findings are not so against the great weight and preponderance of the evidence
as to be clearly unjust. See A.T.M., 281 S.W.3d at 72 (holding evidence factually
sufficient to support findings required to modify disposition, despite testimony of
recently improved behavior).

 We hold the trial court did not abuse its discretion by modifying appellant's
probation to commit appellant to TYC. We thus overrule appellant's sole issue. 

Conclusion

 We affirm the judgment of the trial court.



 Elsa Alcala

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.