**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00269-CV**

———————————

**IN THE INTEREST OF Y.N.L., A Juvenile**

On Appeal from the 313th District Court
Harris County, Texas
Trial Court Case No. 2017-05863J

## MEMORANDUM OPINION

Y.N.L. appeals an order of disposition committing him to eight years in the custody of the Texas Juvenile Justice Department. In the trial court, the juvenile stipulated that he engaged in delinquent conduct by committing aggravated robbery with a deadly weapon, an offense that the Texas Penal Code classifies as a first-degree felony. *See* TEX. PENAL CODE § 29.03. On appeal, he contends that the trial

court failed to consider the entire range of sentencing and that it abused its discretion in committing him to TJJD custody rather than to a less restrictive placement. We affirm.

## BACKGROUND

The State's petition charged 15-year-old Y.N.L. with delinquent conduct, alleging that he had committed aggravated robbery with a firearm. The Harris County Juvenile Probation Department's Hearing Report summarized the incident that led to this charge. The youth and three friends decided to rob someone because they wanted cash. At an apartment complex, they saw a woman wearing headphones leave her apartment. With two of the accomplices acting as lookouts, the youth walked past the woman, grabbed her from behind, and restrained her with a chokehold. He then held a gun to her head and ordered her to stay still. The third accomplice rummaged through the woman's purse and took her cell phone and iPad. The youth took the woman's headphones from her as he fled.

The apartment complex's security camera recorded the incident. The woman released the video to a local news outlet. The video's publication led to information that identified the youth and the other assailants.

The State alleged that

on or about the 24th day of November of 2017, in Harris County and State of Texas, did then and there while in the course of committing theft of property owned by [the complainant] and with the attempt to

2

obtain and maintain control of the property, intentionally, knowingly threaten and place [the complainant] in fear of imminent bodily injury and death and [Y.N.L.] did then and there use and exhibit a deadly weapon, to wit: A FIREARM.

The youth and his counsel waived the right to present the petition to the grand jury. The youth agreed to be sentenced under the Family Code's determinate sentencing provisions. *See* TEX. FAM. CODE §§ 51.09, 53.045. The youth also signed a no-contest stipulation to the State's allegations, without a recommendation as to punishment.

The juvenile court admonished the youth that a finding of delinquency under the determinate sentencing act meant that he would have a permanent record. It further informed the youth of the sentencing range: no punishment at all, probation for a serious length of time, or up to 40 years' confinement, beginning with confinement at TJJD and followed with a later transfer to the Texas Department of Corrections–Institutional Division.

The youth had no history of criminal conduct. The mother reported that he had behavioral problems in the home. He did not follow any rules or directions. He ignored her or became aggressive when he was upset. She described his behavior to include throwing things, slamming doors, and punching walls.

Despite testing at an average to superior range of intellectual function, the youth was failing his classes at school. He had a history of excessive tardiness, truancy, curfew violations, suspensions for fighting, and general misbehavior. The

youth admitted that he tended to get into trouble with his friends. During the three months the youth spent in a juvenile detention facility awaiting disposition, he was disciplined 11 times for misbehavior.

The youth denied using drugs or alcohol. Psychological testing and evaluation showed that the youth had unspecified disruptive, impulse-control, and conduct disorders. The psychologist concluded that the youth is at moderate risk of recidivism. Citing the youth's behavioral problems in school, at home, and in the community, the psychologist recommended residential placement, so that the youth would be in a controlled environment with clear rules and strong consequences for not following them. The Juvenile Probation Department Hearing Report similarly recommended that the court assess a sentence of confinement.

When the judge asked the youth to describe the incident underlying the aggravated robbery charge during the hearing, the youth said that he wanted money but went about getting it in the wrong way. The youth denied using a real gun and a chokehold to restrain the complainant during the robbery.

The State asked the juvenile court to impose an eight-year determinate sentence, with incarceration, because of the seriousness of the youth's conduct in committing the crime, his history of noncompliant behavior at school, and his poor conduct during detention. Defense counsel suggested that the youth be given

4

probation and a placement to address his anger management, emphasizing that the youth had no prior history of delinquent behavior.

The trial judge postponed disposition, telling the youth, "I'm going to see how you [behave in detention] for another 30 days . . . ." At the reset disposition hearing, defense counsel reiterated the request for probation and a placement to address the youth's anger management. The State confirmed the trial judge's recollection that it had recommended an eight-year determinate sentence. The juvenile court then pronounced a disposition to commit the youth to eight years' confinement.

## DISCUSSION

The youth contends that the juvenile court abused its discretion and violated his due process rights by imposing an eight-year determinate sentence committing the youth to TJJD. The State responds that the youth waived his due process complaint by failing to object in the juvenile court. Thus, we first consider whether waiver precludes our review of this issue on its merits.

## I. Preservation of Error

We interpret the youth's due process argument as a complaint that the juvenile court violated his right to have the juvenile court consider the entire range of punishment at sentencing. The preservation-of-error requirements that apply to an alleged constitutional violation depend on the nature of the right allegedly infringed. The Texas Court of Criminal Appeals has categorized these rights as (1) absolute,

systemic requirements and prohibitions which cannot be waived; (2) rights belonging to litigants that the court must implement unless expressly waived; and (3) rights that litigants must ask to be implemented. *Ex parte Heilman*, 456 S.W.3d 159, 162 (Tex. Crim. App. 2015) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)).

In *Grado v. State*, 445 S.W.3d 736 (Tex. Crim. App. 2014), the Court of Criminal Appeals determined that a litigant's right to be sentenced after consideration of the full range of punishment is a right that must expressly be waived. *Id.* at 741. The State relies on *Aldrich v. State*, 104 S.W.3d 890 (Tex. Crim. App. 2003), and *In re C.S.*, 298 S.W.3d 855 (Tex. App.—Dallas 2006, no pet.), to support its waiver claim, but neither of those decisions involves the due process sentencing right addressed in *Grado*, which the youth invokes here. *See Aldrich*, 104 S.W.3d at 895–96 (applying *Marin* categories to conclude that appellant failed to make timely, specific objection and thus waived claim of error concerning juvenile court's acceptance of her guilty plea based on mistaken understanding that previous trial judge made finding of guilt); *C.S.*, 198 S.W.3d at 856–57 (holding appellant waived due process claim based on juvenile court's statement that it might consider a different placement if appellant were resident of Dallas County, rather than Collin County).

6

The record does not reflect that the youth expressly waived his due process right to have the juvenile court consider the full range of punishment in assessing his sentence.  Accordingly, we address the merit of the youth's claim.

## II.    Propriety of Disposition

The youth contends that the juvenile court violated his due process rights and abused its discretion in committing him to TJJD for eight years.

### A.    Standard of review

A juvenile court has broad discretion to determine a suitable disposition for a juvenile who has been adjudicated as having engaged in delinquent behavior. *See In re E.D.*, 127 S.W.3d 860, 862–63 (Tex. App.—Austin 2004, no pet.); *see also In re C.J.*, No. 01–08–00771–CV, 2009 WL 1886614, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2009, no pet.) (mem. op.) (applying abuse-of-discretion standard in reviewing modified disposition order).  The Texas Family Code establishes the rules and principles to guide the exercise of that discretion.  *See* TEX. FAM. CODE §§ 54.04, 54.04(d)(2) (on finding that juvenile committed the delinquent conduct of aggravated assault, juvenile court may commit juvenile to TJJD).  An abuse of discretion occurs when the juvenile court acts unreasonably or arbitrarily, or without reference to any guiding rules or principles.  *C.J.*, 2009 WL 1886614, at *2 (citing *In re J.O.*, 247 S.W.3d 422, 424 (Tex. App.—Dallas 2008, no pet.)).  Under an abuse-of-discretion standard, the legal and factual sufficiency of the evidence are

relevant in evaluating whether the juvenile court abused its discretion. *In re C.G.*, 162 S.W.3d 448, 452 (Tex. App.—Dallas 2005, no pet.).

In reviewing the legal sufficiency of the evidence supporting a juvenile court disposition, an appellate court considers the evidence and inferences tending to support the court's findings and sets aside the judgment only if there is no evidence of probative force to support the findings. *Id.*; *In re H.R.C.*, 153 S.W.3d 266, 269 (Tex. App.—El Paso 2004, no pet.); *In re C.J.H.*, 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.). We consider the evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *In re A.T.M.*, 281 S.W.3d 67, 71 (Tex. App.—El Paso 2008, no pet.). Anything more than a scintilla of evidence is legally sufficient to support the finding. *C.J.H.*, 79 S.W.3d at 703. In reviewing the factual sufficiency of the evidence supporting a juvenile court's disposition, we consider and weigh all the evidence and set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be clearly unjust. *A.T.M.*, 281 S.W.3d at 71; *C.G.*, 162 S.W.3d at 452; *H.R.C.*, 153 S.W.3d at 269.

**B.    Due process challenge**

The youth complains that the juvenile court violated his due process rights by ignoring the progressive-sanctions guidelines set forth in Chapter 59 of the Family Code. Due process requires a neutral and detached hearing body or officer who

considers the entire range of punishment before imposing a sentence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762 (1973); *Grado v. State*, 445 S.W.3d at 739–40; *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court violates a defendant's due process rights when it arbitrarily refuses to consider the entire range of punishment or willfully imposes a predetermined sentence. *Grado*, 445 S.W.3d at 739–40. Absent a clear showing of bias, we presume the trial court acted in accordance with the defendant's due process rights. *See Brumit*, 206 S.W.3d at 645.

As evidence of the juvenile court's predisposition, the youth points out that in response to the State's recommendation of an eight-year sentence, the juvenile court remarked, "eight years was not enough for people who do this," and that "ten or fifteen [years] is more like it." Read in context, this remark was directed at the seriousness of the youth's misconduct. The youth was subject to a disposition of commitment for up to 40 years in the custody of TJJD and the state prison system. The juvenile court followed the State's recommendation and did not impose the longer sentence referenced in its remark. In light of the entire record, the trial court's remark does not demonstrate that the trial court failed to act in accordance with the youth's due process rights.

The youth does not identify any other statement or action by the juvenile court that would support a finding that it failed to consider the full range of punishment or

9

ruled in a biased manner. Because the youth failed to rebut the presumption that the juvenile court acted properly, we reject his due process challenge to the disposition.[1]

## C. Challenge to exercise of discretion in sentencing

The youth next complains that the juvenile court abused its discretion in committing him to an eight-year sentence. The juvenile court may commit the child to TJJD only if it finds, among other things, that

- it is in the child's best interests to be placed outside of his home;

- reasonable efforts were made to prevent or eliminate the need for removal and return of the child to his home; and

- the child, in his home, cannot be provided the quality of care, and level of support and supervision that he needs to meet the conditions of probation.

TEX. FAM. CODE § 54.04(i).

The youth emphasizes that he had no prior record of delinquent behavior. The trial court, however, could have weight this evidence against other evidence before the juvenile court showing that the youth

---

[1] To the extent the youth contends that the trial court failed to follow specific progressive-sanctions guidelines, this contention provides no basis for reversal. *See* TEX. FAM. CODE § 59.014 (providing that juvenile "may not bring an appeal" based on trial court's failure to make sanction-level assignment or its departure from sanction-level assignment model).

10

- committed a serious crime that put the complainant in fear for her life and used physical force and a deadly weapon in the course of committing that crime;

- despite agreeing to a no-contest stipulation of evidence, later denied the conduct that made the crime so serious, namely, putting the complainant in a chokehold and holding a gun to her head; and

- frequently acted out of aggression and failed to properly manage his behavior at home, in school, and in detention.

Given the gravity of the offense and his inability to control his behavior under the restrictions of detention, we hold that the juvenile court acted within its discretion in concluding that the youth's best interests, as well as those of the community, warranted committing the youth to TJJD.

## CONCLUSION

We affirm the judgment of the juvenile court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

11